STATE of Missouri, Respondent,

v.

Donald J. ELLISON, Appellant.

No. SC 88468.

Supreme Court of Missouri,
En Banc.

Dec. 4, 2007.

**604**

Craig A. Johnston, Columbia, for Appellee.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for Respondent.

MICHAEL A. WOLFF, Judge.

### Issue

Does Missouri's Constitution permit a court to admit evidence of a criminal defendant's prior conviction solely for the purpose of showing that the defendant has a propensity to commit the crime with which he is charged?

### Facts and Procedural History

Donald Ellison was charged with child molestation in the first degree under section 566.067.[1] Ellison allegedly touched his genitals to the genitals of a child who was either eight or nine years of age at the time of the offense. The jury found Ellison guilty.

---

1. All statutory references to RSMo (2000) unless otherwise indicated.

The facts, stated most favorably to the verdict, are as follows:

The child's mother was a longtime friend of Tena Ellison, who was married to Donald Ellison. The mother and Tena worked at Dairy Queen. When the mother was working, Tena would often look after the mother's two children. On the days when both worked, Ellison would watch the children at the Ellisons' home. One day during the summer of 2003, Ellison was watching the child while Tena and the mother were at work. Ellison asked the child to go into the bedroom, where he engaged in sexual intercourse with the child, despite her repeated requests that he stop. The child testified that she did not tell anyone for a year following the first incident because Ellison threatened to kill her if she told.

In addition to the incident that was the basis of the charged offense, Ellison often made inappropriate sexual advances, sometimes by showing the child pornography and masturbating in front of her when the child stayed at Ellison's home. Ellison ejaculated in the child's presence and asked her to drink his ejaculate. Ellison had vaginal intercourse with the child a number of times in various rooms in Ellison's house. On August 19, 2004, the child was at a slumber party when she broke down and revealed that Ellison had molested her. After the child was taken home, she told her mother that Ellison had raped her. The mother took her daughter to the local sheriff that evening. In interviews with local deputies, the child described various instances of sexual abuse that had taken place after her sixth or seventh birthday and continued until her ninth birthday.

Ellison was charged with child molestation in the first degree. At trial, the state began its case by entering in evidence, pursuant to section 566.025, a certified copy of Ellison's conviction for the class C felony of sexual abuse in the first degree for subjecting a 13-year-old girl "to sexual contact without her consent by the use of forcible compulsion and in the course of such offense [Ellison] inflicted serious physical injury" to the girl. Ellison filed a pretrial motion in limine asking the trial court to enter an order in limine prohibiting the state or any witness from referring to or offering evidence of that prior conviction. Ellison also objected at trial to the admission of the prior conviction as more prejudicial than probative. The trial court overruled Ellison's objection and admitted the prior conviction, finding that "the evidence of a prior conviction is more probative than prejudicial." Ellison did not testify at trial.

The jury was given Instruction No. 7, patterned after MAI-CR3d 310.12, which stated that, "[i]f you find and believe from the evidence that the defendant pled guilty to sexual abuse, an offense other than the one for which he is now on trial, you may consider that evidence on the issue of the propensity of the defendant to commit the crime with which he is charged." Ellison objected to the instruction on the ground that it violated his constitutional right to a fair trial. The objection was overruled, the instruction was read, and the jury found Ellison guilty of child molestation in the first degree. The trial court sentenced Ellison as a prior offender to 20 years.

Because Ellison challenges the validity of section 566.025, this Court has jurisdiction. Mo. Const. art. V, sec. 3.

## Constitutional Principles

The evidentiary issue—and the constitutionality of section 566.025—is governed by the guarantee of art. I, sections 17 and 18(a) that a defendant has "the right to be tried only on the offense charged." *State v. Burns*, 978 S.W.2d 759, 760 (Mo. banc

1998). Section 17 of the Missouri Constitution provides that "no person shall be prosecuted criminally for felony or misdemeanor otherwise than by indictment or information." Section 18(a) states "[t]hat in criminal prosecutions the accused shall have the right ... to demand the nature and cause of the accusation...."

Based on art. I, section 17 and 18(a), this Court has long maintained a general prohibition against the admission of evidence of prior crimes out of concern that "[e]vidence of uncharged crimes, when not properly related to the cause of trial, violates a defendant's right to be tried for the offense for which he is indicted." Id. (citing *State v. Holbert*, 416 S.W.2d 129, 132 (Mo.1967)).[2] This evidentiary bar stems from the need to avoid "encourag[ing] the jury to convict the defendant because of his propensity to commit such crimes without regard to whether he is actually guilty of the crime charged." *State v. Bernard*, 849 S.W.2d 10, 16 (Mo. banc 1993). In other words, the law shields defendants from the perception that a person who has acted criminally once will do so again.

These principles are directly confronted by section 566.025, a successor statute that was enacted after *Burns* invalidated the 1994 version. The current version provides:

> In prosecutions pursuant to this chapter [566] or chapter 568, RSMo, of a sexual nature involving a victim under fourteen years of age, whether or not age is an element of the crime for which the defendant is on trial, evidence that the defendant has committed other charged or uncharged crimes of a sexual nature involving victims under fourteen years of age shall be admissible for the purpose of showing the propensity of the defendant to commit the crime or crimes with which he or she is charged unless the trial court finds that the probative value of such evidence is outweighed by the prejudicial effect.

The statute's final clause, addressing the weighing of probative value and prejudicial effect, was added to the statute in 2000 after the *Burns* decision. Section 566.025 RSMo 1994, stated simply that evidence of charged and uncharged crimes "shall be admissible for the purpose of showing the propensity of the defendant to commit the crime or crimes with which he is charged." In *Burns*, this Court held that the mandate of compulsory admissibility ("shall be admissible") in the unamended statute violated article I, sections 17 and 18(a) of the Missouri Constitution. *Burns*, 978 S.W.2d at 762.

■■ The rules of construction demand that this Court "adopt any reasonable reading of the statute that will allow its validity and ... resolve any doubts in favor of constitutionality." *Burns*, 978 S.W.2d at 760. As in *Burns*, however, "the rules of construction do not save the statute in this case." *Id.* Evidence of prior criminal acts is *never* admissible for the purpose of demonstrating the defendant's propensity to commit the crime with which he is presently charged. *Bernard*, 849 S.W.2d at 13 (citing *State v. Sladek*, 835 S.W.2d 308, 311 (Mo. banc 1992)). There are no exceptions to this rule.

The statute's amendment may have been occasioned by a misreading of the portion of *Burns* that says: "Evidence of prior misconduct of the defendant, *although not*

---

**2.** *See also State v. Spray*, 174 Mo. 569, 74 S.W. 846, 848, 851 (1903) (" 'This rule [prohibiting the admission of evidence of crimes other than the one of which the defendant stands accused], so universally recognized and so firmly established in all English-speaking lands, is rooted in that jealous regard for the liberty of the individual which has distinguished our jurisprudence from all others, at least from the birth of Magna Charta.' ").

*admissible to show propensity,* is admissible if the evidence is logically relevant, in that it has some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial, . . . and if the evidence is legally relevant, in that its probative value outweighs its prejudicial effect." 978 S.W.2d at 761 (emphasis added) (internal citations omitted).

■ What that passage in *Burns* means is no more than the traditional understanding: Evidence of prior criminal acts *may* be admissible for purposes other than demonstrating the defendant's propensity if the evidence is logically and legally relevant. Alternate purposes for admitting evidence of prior criminal acts include establishing "(1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; [or] (5) the identity of the person charged with the commission of the crime on trial."[3] *State v. Bernard,* 849 S.W.2d 10, 13 (Mo. banc 1993).

■ Evidence of prior criminal acts may be admissible for these alternate purposes only if that evidence is both "logically relevant, in that it has some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial, and if the evidence is legally relevant, in that its probative value outweighs its prejudicial effect." *Burns,* 978 S.W.2d at 761.

■ The criteria of logical and legal relevance are not intended as a loophole for evading the general ban on propensity evidence. A finding of legal and logical relevance will *never* provide a basis for the admission of prior criminal acts evidence for the purpose of demonstrating a defendant's propensity. The misconception that logical and legal relevance are required for the admission of propensity evidence is reflected in the 2000 statutory amendment to section 566.025. The clause requiring probative value and prejudicial effect has no bearing on the constitutionality of propensity evidence.

The alternative evidentiary purposes described above (*e.g.* motive, identity, common scheme or plan) are referred to in case law as "exceptions." *See, e.g., Barriner,* 34 S.W.3d at 144 ("This list of exceptions [motive, intent, the absence of mistake or accident, a common scheme or plan, identity] is not exhaustive."); *Bernard,* 849 S.W.2d at 13 (referring to the "five enumerated exceptions").

These purposes are not exceptions to the ban on propensity evidence. Rather, they are exceptions to the broader general rule prohibiting the admission of evidence of prior criminal acts for *any* purpose. *See Sladek,* 835 S.W.2d at 311, where this Court said: "Evidence of other crimes, when not properly related to the cause on trial, violates defendant's right to be tried for the offense for which he is indicted . . . . exceptions to [this] general rule are as well established as the rule itself."

■ In holding this statute unconstitutional, this Court acts consistently with a long line of cases holding that the Missouri constitution prohibits the admission of previous criminal acts as evidence of a defen-

---

**3.** This list of alternative purposes "is not exhaustive." *Barriner,* 34 S.W.3d at 145. *See also State v. Sladek,* 835 S.W.2d 308, 312 (Mo. banc 1992) ("The exceptions stated in [*State v.*] *Reese,* [274 S.W.2d 304, 307 (Mo. banc 1954)] though not necessarily all inclusive, simply state some material facts that evidence of uncharged crimes may prove. Thus, evidence of the commission of an uncharged crime may prove motive or intent or another material fact, but in any event the evidence must have some legitimate tendency to directly establish the defendant's guilt.").

dant's propensity. "Evidence of prior uncharged misconduct is inadmissible for the sole purpose of showing the propensity of the defendant to commit such acts." *State v. Gilyard,* 979 S.W.2d 138, 140 (Mo. banc 1998); *see also, State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304, 307 (1954). Our cases likewise hold that convictions, as well as uncharged acts, are inadmissible to show propensity.

### Conclusion

Evidence of a defendant's prior criminal acts, when admitted purely to demonstrate the defendant's criminal propensity, violates one of the constitutional protections vital to the integrity of our criminal justice system.

The judgment is reversed, and the cause is remanded for a new trial.

All concur.