

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD33450 |
| | ) | |
| SARAH T. EATON, | ) | **Filed: May 19, 2015** |
| | ) | |
| Defendant-Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

### Honorable Judge David R. Munton

### **AFFIRMED**

Sarah T. Eaton ("Defendant") appeals from her conviction of one count of felony stealing. Defendant argues the trial court plainly erred in permitting the prosecution to elicit testimony regarding Defendant's prior convictions for burglary. We disagree with Defendant's argument and affirm the trial court's judgment.

### **Factual and Procedural Background**

Daniel Ramsdell ("Victim") owned a vacant house and a trailer used as a storage unit on South Meadowview in Springfield, Missouri. On May 21, 2013, a neighbor who lived across the street on South Meadowview saw Defendant standing beside the trailer while Defendant's husband, Randy Eaton, was "trying to jack the trailer up." The neighbor approached Defendant and asked her if she

had a title for the trailer. Defendant replied that "she had bought it off the computer[,]" and told the neighbor to "mind [his] own business[.]" The neighbor called the police because he thought the situation was suspicious.

Springfield Police Officer Tommy Nguyen ("Officer Nguyen") responded to the scene. When he arrived, a truck had been hooked up to the trailer, and both the trailer and the truck were stuck in the mud. Officer Nguyen spoke with Defendant who was not able to provide any proof that she had purchased the trailer. Officer Nguyen contacted Victim who informed Officer Nguyen the trailer had not been sold. Officer Nguyen arrested Defendant and Mr. Eaton.

Defendant was charged as a prior and persistent offender with one count of felony stealing. *See* § 570.030, RSMo Cum. Supp. (2012). At trial, Defendant presented a defense based on Mr. Eaton's testimony which was essentially that Defendant had no knowledge that Mr. Eaton was stealing the trailer and that Defendant had no intent to steal the trailer. Mr. Eaton testified that he told Defendant he had to pick up some equipment from a friend's home. They drove to the Meadowview property, where Mr. Eaton began hooking up the trailer. When Mr. Eaton saw the police arriving, he told Defendant to tell the police they had purchased the trailer on Craigslist. Mr. Eaton then testified that he had already pled guilty to stealing Victim's trailer.

On cross examination, the prosecutor asked Mr. Eaton about all the convictions for which Mr. Eaton was currently imprisoned. In addition to the sentence imposed for stealing the trailer, Mr. Eaton was also currently serving sentences for several counts of receiving stolen property. Mr. Eaton admitted that those other cases alleged that Mr. Eaton had acted to commit the crimes with

2

another. When the prosecutor asked for the name of Mr. Eaton's codefendant in those cases, Defendant's attorney objected.

Defendant's attorney argued the prosecution was "trying to solicit prior bad acts of the defendant through this witness." The prosecutor explained the purpose of the evidence as follows:

> what we're showing with this line of questioning is that this defendant and this witness have, on previous occasions, committed similar crimes together, or been involved in similar crimes together. And so on this occasion, when he drives her to a vacant house and proceeds in hooking up that trailer without knocking on the door, without proceeding any further, that the fact that she didn't know this trailer was stolen is not believable to a jury.

The judge ultimately allowed the prosecution to inquire about the prior convictions.

The prosecutor then asked Mr. Eaton about Defendant's knowledge of the trailer theft. Mr. Eaton stated Defendant had no idea that Mr. Eaton was actually going to steal the trailer when they arrived at the Meadowview property and that Defendant "had no intent to steal that trailer[.]" The prosecutor asked again about Mr. Eaton's other convictions. Mr. Eaton then acknowledged Defendant was his codefendant in all of the preceding cases and, in those cases, Mr. Eaton had pled guilty to receiving stolen property and Defendant had pled guilty to burglary.

The jury found Defendant guilty of stealing, and the trial court sentenced her to ten years incarceration. This appeal followed.

## Discussion

In her sole point on appeal, Defendant claims the trial court erred in admitting Mr. Eaton's testimony regarding Defendant's prior burglary

3

convictions. Defendant claims the evidence was presented only to prove her propensity for crime and did not fall under any of the exceptions to the general rule of exclusion for such evidence. Defendant's argument is without merit.

This claim was not preserved for appellate review because Defendant did not include it in her motion for new trial, so Defendant now requests plain error review. Under Rule 30.20, "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20, Missouri Court Rules (2015). Plain error review involves a two-step process. *State v. Phillips*, 319 S.W.3d 471, 476 (Mo. App. S.D. 2010). First, the appellate court considers whether the trial court committed "evident, obvious, and clear error affecting the defendant's substantial rights[.]" *Id.* Then, the appellate court considers whether the plain error actually resulted in manifest injustice or a miscarriage of justice. *Id.* The defendant bears the burden of proving plain error, and "[a] claim of plain error places a much greater burden on a defendant than an assertion of prejudicial error." *State v. Castoe*, 357 S.W.3d 305, 310 (Mo. App. S.D. 2012) (quoting *State v. Wright*, 216 S.W.3d 196, 199 (Mo. App. S.D. 2007)). We review this case for plain error.

"The 'well-established general rule' concerning the admission of evidence of prior criminal acts 'is that proof of the commission of separate and distinct crimes is not admissible unless such proof has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial.'" *State v. Vorhees*, 248 S.W.3d 585, 587 (Mo. banc 2008) (quoting *State v. Reese*, 274 S.W.2d 304, 307 (Mo. banc 1954)). However, such evidence "is

4

admissible if the evidence is logically relevant, in that it has some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial, and if the evidence is legally relevant, [that is,] that its probative value outweighs its prejudicial effect." ***State v. Rehberg***, 919 S.W.2d 543, 548 (Mo. App. W.D. 1995). The court in ***Rehberg*** went on to explain:

> Evidence of uncharged crimes has been held to be logically and legally relevant and, therefore, admissible to show (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; or (5) the identity of the person charged with the commission of the crime on trial.

***Id.***

The evidence in this case was offered to prove Defendant's intent and knowledge. "In order for intent and absence of mistake or accident to serve as the basis for the admission of evidence of similar uncharged crimes, it is necessary that those be legitimate issues in the case." ***State v. Frezzell***, 251 S.W.3d 380, 386 (Mo. App. E.D. 2008) (quoting ***State v. Aye***, 927 S.W.2d 951, 955 (Mo. App. E.D. 1996)). In cases involving stolen property, one way intent becomes an issue is when the defendant claims he or she did not know the property was stolen. *See **State v. Stallings***, 406 S.W.3d 499 (Mo. App. W.D. 2013). In the present case, Defendant's argument was that she did not know Mr. Eaton was stealing the trailer. Thus, Defendant's intent was at issue in the case.

The prosecutor's questions regarding Defendant's prior convictions were limited to showing the implausibility of Defendant's claim that she did not know Mr. Eaton was stealing the trailer. Defendant's prior convictions all stemmed from theft-related crimes Defendant and Mr. Eaton committed together and

5

which were committed around the same time as this charge occurred. Furthermore, Defendant had already pled guilty to those crimes. The fact that Defendant and Mr. Eaton acted together to commit the other crimes and that Defendant admitted through her pleas of guilt to those crimes that she had knowingly and voluntarily participated in those crimes cast doubt on Defendant's claim in this case that she did not know Mr. Eaton was stealing and that she had no intent to steal the trailer. The trial court did not err in admitting the evidence regarding Defendant's prior theft-related convictions.

In an attempt to rebut this conclusion, Defendant compares this case to *State v. Stallings*, 406 S.W.3d 499 (Mo. App. W.D. 2013); *State v. Frezzell*, 251 S.W.3d 380 (Mo. App. E.D. 2008); and *State v. Nelson*, 178 S.W.3d 638 (Mo. App. E.D. 2005). Each of those cases is distinguishable from the present case.

In *Nelson* and *Frezzell*, the defendants did not present a defense based on the lack of intent. *Nelson*, 178 S.W.3d at 643; *Frezzell*, 251 S.W.3d at 386. *Stallings* did involve a case where the defendant's intent was in issue, but in *Stallings*, the State did not elicit details showing the relevant similarities between the prior crimes and the crime being tried. *Stallings*, 406 S.W.3d at 505. The prosecutor in *Stallings* simply made a propensity-to-commit-a-crime argument. *Id.* Here, in contrast, the State did inquire regarding the relevant similarities between the prior crimes and the crime being tried. In this case, the State introduced evidence to rebut Defendant's claim, based on Mr. Eaton's testimony, that Defendant did not know the property was stolen and had no intent to steal the trailer. That Defendant had previously committed the prior

6

theft-related offenses with Mr. Eaton permitted the jury to find that Defendant intended to steal the trailer.

Defendant's sole point is denied.

## **Decision**

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

GARY W. LYNCH, J. – CONCURS