No. 112,834

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

KENNETH BOYSAW,
*Appellant.*

SYLLABUS BY THE COURT

1.

Aggravated indecent liberties with a child is a specific intent crime. The intent to arouse sexual desires may be shown by circumstantial evidence.

2.

Appellate courts presume statutes are constitutional and must resolve all doubts in favor of a statute's validity.

3.

K.S.A. 2015 Supp. 60-455(d) provides, in part:  "[In] a criminal action in which the defendant is accused of a sex offense . . . , evidence of the defendant's commission of another act or offense of sexual misconduct is admissible, and may be considered for its bearing on any matter to which it is relevant and probative."

4.

Prior to the passage of K.S.A. 60-455 in 1963, Kansas common law allowed the admission of propensity evidence to show the lustful disposition of the defendant.

5.

K.S.A. 2015 Supp. 60-455(d) does not violate a defendant's due process rights and is constitutional.

6.

Trial judges are charged pursuant to K.S.A. 60-445 with determining the probative value of the evidence versus its prejudicial effect and may exclude such evidence during the trial based on undue prejudice.

7.

When considering the probative value of prior acts, a court should evaluate: (1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony.

8.

An aggravated habitual sex offender as defined in K.S.A. 2015 Supp. 21-6626(c)(1) is an offender who has been convicted of two or more sexually violent crimes under K.S.A. 2015 Supp. 21-6626(c)(2).

9.

The aggravated habitual sex offender statute does not violate *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), or *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 814 (2013), since the imposition of the sentencing scheme is based on the defendant's prior sexually violent convictions.

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed April 8, 2016. Affirmed.

*Corrinne E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., SCHROEDER, J., and BURGESS, S.J.

SCHROEDER, J.:  On appeal, Kenneth Boysaw claims:  (1) There was insufficient evidence to convict him of indecent liberties with a child; (2) the district court improperly applied K.S.A. 2015 Supp. 60-455(d) in allowing his prior Nebraska conviction for sexual assault of a child to be admitted before the jury to show propensity to commit sexual acts; and (3) the district court improperly used his prior Nebraska conviction to sentence him to lifetime imprisonment without parole as a habitual sex offender in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). We find no error by the district court and affirm.

FACTS

Kenneth Boysaw was charged with aggravated indecent liberties with a child in violation of K.S.A. 2015 Supp. 21-5506(b)(3)(A). Pursuant to K.S.A. 2015 Supp. 60-455(d), the State filed a motion to admit evidence of Boysaw's 1987 Nebraska conviction for sexual assault of a child.

At a pretrial hearing on the State's motion, the State requested admission of Boysaw's two prior sex-related convictions, one in 1979 and one in 1987. The district court found there was a "striking similarity" between the 1987 act and the currently charged act, but not the 1979 conviction, and denied admission of the 1979 conviction. The district court also found that the time elapsed since the 1987 conviction, the frequency of the prior acts, and any intervening events did not prohibit admission of the 1987 conviction. The district court agreed the conviction could be admitted to show

3

propensity and for proving intent, absence of mistake, and absence of accident. Prior to Boysaw's jury trial, the State limited the request for admission of the 1987 conviction to propensity only. The district court allowed the evidence over Boysaw's objection in the form of a limited stipulation announced to the jury after the content of the stipulation was agreed to by Boysaw and the State. The stipulation reflected:

"1. That the defendant, Kenneth Boysaw, was convicted of the crime of Sexual Assault of a Child on February 12, 1987.

"2. Specifically, the defendant, Kenneth Boysaw, on August 25th, 1986, a date when he was 36 years of age[,] touched B.J.H. in a sexual manner. B.J.H. was a female aged 9 years at the time of the touching. In the basement of his home, he removed B.J.H.'s panties and touched her vagina with his hand in a rubbing motion. He did not penetrate her. Mr. Boysaw opened his pants exposing his penis and touched himself."

At trial, G.E.M., who was 6 years old at the time she was improperly touched, testified she was riding an electric scooter at her grandfather's apartment. The scooter belonged to "her friend" (Boysaw). G.E.M. ran into a trashcan and received "a little scratch" on her left arm. After the accident, Boysaw asked G.E.M. if she wanted popcorn, and they went back to his apartment. G.E.M. testified that while they were sitting on the couch, Boysaw rubbed her "private part" with his whole hand.

G.E.M.'s mother testified G.E.M. had been riding Boysaw's scooter and someone would check on G.E.M. every 5 or 10 minutes. When G.E.M.'s mother couldn't find G.E.M., she began looking for her. G.E.M.'s mother walked over to Boysaw's apartment and, through the open door, saw G.E.M.'s pants and underwear around her ankles while G.E.M. sat between Boysaw's legs. She testified Boysaw's pants were unfastened, and he had to adjust his penis to refasten them. She did not see his penis.

Officer Virgil Miller testified regarding his interviews with G.E.M., her mother, and Boysaw. Officer Miller testified that Boysaw told him he was checking G.E.M. for

4

injuries, her pants were around her ankles because he was looking for an injury on her leg, and his penis was never outside his pants. Officer Miller also testified Boysaw specifically denied pulling G.E.M.'s pants completely down.

At the close of the State's case in chief, the district court judge advised the jury both the State and Boysaw were stipulating that Boysaw had been convicted of sexual assault of a child in 1987. The stipulation as read to the jury also provided a summary of the facts in the 1987 conviction, including the age of the victim and the manner of the assault.

The jury returned a guilty verdict. At sentencing, Boysaw's criminal history in the presentence investigation report (PSI) reflected a 1979 conviction for attempted indecent liberties and a 1987 Nebraska conviction substantially similar to indecent liberties with a child or aggravated indecent liberties with a child. The district court sentenced Boysaw to life imprisonment without the possibility of parole as a habitual sex offender. Boysaw timely appealed.

ANALYSIS

*Sufficiency of the Evidence*

Boysaw claims the evidence was insufficient to convict him of aggravated indecent liberties with a child. Specifically, he argues the State did not present direct or circumstantial evidence of his intent to arouse or satisfy his sexual desires.

When sufficiency of the evidence is challenged in a criminal case, the appellate court reviews all the evidence in the light most favorable to the prosecution. The conviction will be upheld if the court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt based on the evidence presented. *State v.*

5

*Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014). The appellate court generally will not reweigh the evidence or the credibility of witnesses. 299 Kan. at 525. It is only in rare cases where the testimony is so incredible that no reasonable factfinder could find guilt beyond a reasonable doubt that a guilty verdict will be reversed. *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983); see *State v. Naramore*, 25 Kan. App. 2d 302, 322, 965 P.2d 211, *rev. denied* 266 Kan. 1114 (1998) (uncontroverted expert testimony that defendant physician's treatment was within reasonable health care protocols insufficient to uphold murder and attempted murder convictions).

Aggravated indecent liberties with a child is a specific intent crime. *State v. Brown*, 291 Kan. 646, 654, 244 P.3d 267 (2011). Pursuant to K.S.A. 2015 Supp. 21-5506(b)(3)(A), aggravated indecent liberties with a child is defined as, in relevant part: "Any lewd fondling or touching of the person of either the child or the offender, done or submitted to *with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both*," when the child is less than 14 years old. (Emphasis added.) Actual arousal or satisfaction of the child or offender's sexual desires is unnecessary. *State v. Brown*, 295 Kan. 181, 201, 284 P.3d 977 (2012). The intent to arouse sexual desires may be shown by circumstantial evidence. *State v. Clark*, 298 Kan. 843, 850, 317 P.3d 776 (2014).

A verdict may be supported by circumstantial evidence if such evidence provides a basis from which the factfinder may reasonably infer the existence of the fact in issue. *State v. Brooks*, 298 Kan. 672, 689, 317 P.3d 54 (2014). A conviction of even the gravest offense can be based entirely on circumstantial evidence. 298 Kan. at 689. However, the circumstances utilized to infer guilt must be proved and cannot be inferred or presumed from other circumstances. *State v. Richardson*, 289 Kan. 118, 127, 209 P.3d 696 (2009).

Based on the direct evidence, or inferring from the circumstantial evidence given regarding how G.E.M. was found with Boysaw, there was both direct and circumstantial

6

evidence sufficient for the jury to find his intent was to arouse or satisfy his sexual desires. G.E.M.'s mother testified G.E.M.'s pants and underwear were around her ankles when G.E.M.'s mother entered Boysaw's doorway. G.E.M. testified Boysaw touched her "private part" and was "rubbing it" with his hand. G.E.M.'s mother testified Boysaw's pants were unfastened and he had to adjust himself through his clothing to refasten them. Though G.E.M. had been injured when she crashed Boysaw's scooter, she testified her injury was a little scratch on her left arm. Thus, there was sufficient evidence to convict Boysaw of aggravated indecent liberties with a child.

*K.S.A. 2015 Supp. 60-455(d) Is Constitutional*.

On appeal, Boysaw claims: "K.S.A. [2015 Supp.] 60-455(d) erodes the fundamental right to a presumption of innocence by allowing a jury to consider a defendant's prior convictions for general propensity purposes. . . . [T]he statute [is] unconstitutional because it denies defendants the right to a fair trial and due process under both the Kansas and [United States] Constitutions." Boysaw fails to argue K.S.A. 2015 Supp. 60-455(d) violates a defendant's rights to a fair trial and due process under the United States Constitution. A point raised incidentally in a brief and not argued is deemed waived and abandoned. *State v. Llamas*, 298 Kan. 246, 264, 311 P.3d 399 (2013). With no claim made under the United States Constitution and deemed waived, we proceed to address Boysaw's claim under the Kansas Constitution Bill of Rights §§ 10 and 18.

K.S.A. 2015 Supp. 60-455(d) states:

"Except as provided in K.S.A. 60-445, and amendments thereto, in a criminal action in which the defendant *is accused of a sex offense . . .* , evidence of the defendant's commission of another act or offense of sexual misconduct is admissible, and may be considered for its bearing on any matter to which it is relevant and probative." (Emphasis added.)

7

Determining a statute's constitutionality is a question of law subject to unlimited review. *State v. Soto*, 299 Kan. 102, 121, 322 P.3d 334 (2014). Appellate courts presume statutes are constitutional and must resolve all doubts in favor of a statute's validity. 299 Kan. at 121. If there is any reasonable construction that would maintain the legislature's apparent intent, the court must interpret the statute in the way that makes it constitutional. 299 Kan. at 121.

*Historical Perspective of Lustful Disposition and Propensity*

Our Kansas Supreme Court in 1901 recognized that, generally, evidence of the commission of unrelated crimes is inadmissible in a criminal case as prejudicial. *State v. Kirby*, 62 Kan. 436, 444, 63 P. 752 (1901) ("The general rule is that the charge upon which a person is being tried cannot be supported by proof that he committed other offenses, even of a similar nature."). However, in 1904, the Kansas Supreme Court recognized an exception to this general rule: "It is well settled that, in prosecutions for a single act forming a part of a course of illicit commerce between the sexes, it is permissible to show prior acts of the same character." *State v. Borchert*, 68 Kan. 360, 361, 74 P. 1108 (1904).

In *State v. Stitz*, 111 Kan. 275, 276, 206 P. 910 (1922), *overruled by State v. Taylor*, 198 Kan. 290, 292, 424 P.2d 612 (1967), the Kansas Supreme Court expanded on *Borchert*:

> "[I]n sexual offenses proof of prior and subsequent acts of intercourse are admissible to show the lustful disposition, the existence and continuance of the illicit relation, and these tend to explain the act charged and corroborate other testimony of the prosecution. The exception has been so frequently and thoroughly considered that there is no occasion for further consideration or comment." 111 Kan. at 276.

8

In a 1926 statutory rape case, the Kansas Supreme Court found: "In offenses of this class, proof of other acts of intercourse may be received to show the lustful disposition of the defendant." *State v. Bisagno*, 121 Kan. 186, 188, 246 P. 1001 (1926).

The Kansas Supreme Court continued to apply the lustful disposition exception through the 1940s and 1950s. In *State v. Funk*, 154 Kan. 300, 302, 118 P.2d 562 (1941), testimony of two other girls was admissible to show the defendant's lustful disposition "and the system used with other young girls in taking indecent liberties with them." Similarly, in *State v. Allen*, evidence of the defendant's two previous attempts to force women to have intercourse with him was admissible. The court stated: "Whatever the rule may be elsewhere it is no longer open to dispute in this jurisdiction that this evidence was admissible." 163 Kan. 374, 376, 183 P.2d 458 (1947), *disapproved of by Taylor*, 198 Kan. at 292. In *State v. Whiting*, 173 Kan. 711, 712-13, 252 P. 884 (1953), the testimony of two other girls regarding similar acts committed against them was admissible: "[W]hen a defendant is on trial for a sexual offense similar offenses may be introduced for the purpose of showing the lustful disposition or nature of the defendant." Likewise, in *State v. Smit*, 184 Kan. 582, 585, 337 P.2d 680 (1959), the Kansas Supreme Court determined: "[I]n cases involving lewd and lascivious conduct in sexual matters, evidence of other similar acts is admissible to show tendencies and lustful disposition."

In 1963, the legislature enacted K.S.A. 60-455:

> "Subject to K.S.A. 60-447 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his or her disposition to commit crime or civil wrong as the basis for an inference that the person committed another crime or civil wrong on another specified occasion but, subject to K.S.A. 60-445 and 60-448, such evidence is admissible when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

9

After the enactment of K.S.A. 60-455, the Kansas Supreme Court found: "This statute defines the purposes for which evidence of similar offenses may be admitted." *Taylor*, 198 Kan. at 292. It further held: "[A] trial court should limit its instructions concerning the purposes for which similar offenses may be considered to those purposes set out in the statute and purposes analogous thereto" and disapproved of the language in *Stitz* and *Allen. Taylor*, 198 Kan. at 292-93. Evidence of prior sexual crimes was no longer admissible to prove a defendant's lustful disposition but it was still admissible to prove some other material fact.

In *State v. Prine*, 287 Kan. 713, 736, 200 P.3d 1 (2009) (*Prine I)*, the Kansas Supreme Court determined evidence of prior sexual assaults on the defendant's daughter and half-sister was erroneously admitted to show intent, absence of mistake or accident, and plan in the defendant's trial for rape, aggravated criminal sodomy, and aggravated indecent liberties with a child. In its opinion, the Kansas Supreme Court invited the legislature to amend K.S.A. 60-455:

> "Extrapolating from the ever-expanding universe of cases that have come before us and our Court of Appeals, it appears that evidence of prior sexual abuse of children is peculiarly susceptible to characterization as propensity evidence forbidden under K.S.A. 60-455 and, thus, that convictions of such crimes are especially vulnerable to successful attack on appeal. This is disturbing because the modern psychology of pedophilia tells us that propensity evidence may actually possess probative value for juries faced with deciding the guilt or innocence of a person accused of sexually abusing a child. In short, sexual attraction to children and a propensity to act upon it are defining symptoms of this recognized mental illness. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, pp. 527-28 (4th ed.1994) (302.2-Pedophilia). And our legislature and our United States Supreme Court have decided that a diagnosis of pedophilia can be among the justifications for indefinite restriction of an offender's liberty to ensure the provision of treatment to him or her and the protection of others who could become victims. See K.S.A. 59-29a01 *et seq*.; *Kansas v. Crane*, 534 U.S. 407, 409-10, 122 S. Ct. 867, 151 L. Ed. 2d 856 (2002); *Kansas v. Hendricks*, 521 U.S. 346, 356-60, 371, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997) (Kansas' Sexually Violent Predator

10

Act narrows the class of persons eligible for confinement to those who find it difficult, if not impossible, to control their dangerousness.). It is at least ironic that propensity evidence can be part of the support for an indefinite civil commitment, but cannot be part of the support for an initial criminal conviction in a child sex crime prosecution.

"Of course, the legislature, rather than this court, is the body charged with study, consideration, and adoption of any statutory change that might make K.S.A. 60-455 more workable in such cases, without doing unconstitutional violence to the rights of criminal defendants. It may be time for the legislature to examine the advisability of amendment to K.S.A. 60-455 or some other appropriate adjustment to the statutory scheme." *Prine I*, 287 Kan. at 737.

The legislature promptly accepted the Kansas Supreme Court's invitation and amended K.S.A. 60-455, which now states, in part:

"(d) Except as provided in K.S.A. 60-445, and amendments thereto, in a criminal action in which the defendant is accused of a sex offense under articles 34, 35 or 36 of chapter 21 of the Kansas Statutes Annotated, prior to their repeal, or articles 54, 55 or 56 of chapter 21 of the Kansas Statutes Annotated, or K.S.A. 2015 Supp. 21-6104, 21-6325, 21-6326 or 21-6419 through 21-6422, and amendments thereto, evidence of the defendant's *commission of another act or offense of sexual misconduct is admissible, and may be considered for its bearing on any matter to which it is relevant and probative*." K.S.A. 2015 Supp. 60-455.

The Supreme Court examined the language of K.S.A. 60-455(d) in *State v. Prine*, 297 Kan. 460, 303 P.3d 662 (2013) (*Prine II*). The State again argued Prine's prior sexual abuse of his daughter and half-sister were admissible to show intent, absence of mistake or accident, or plan. The Supreme Court again determined the evidence was inadmissible for those purposes. However, the district court's error was harmless because the evidence was relevant to propensity and was admissible under K.S.A. 2009 Supp. 60-455(d). *Prine II*, 297 Kan. at 479-80. The Supreme Court did not address the constitutionality of K.S.A. 2009 Supp. 60-455(d) because neither party raised a constitutional challenge.

11

Boysaw now argues K.S.A. 2015 Supp. 60-455(d) violates traditional common law and Kansas' caselaw prohibition on the use of prior crimes evidence to prove a defendant's propensity to commit the current crime. However, Boysaw fails to recognize that prior to K.S.A. 60-455's enactment in 1963, as previously discussed, Kansas recognized the admissibility of evidence of similar prior sexual acts to show a defendant's lustful disposition.

*Due Process Under K.S.A. 2015 Supp. 60-455(d)*

The Kansas Supreme Court acknowledged that K.S.A. 2009 Supp. 60-455(d) was patterned after the Federal Rules of Evidence 413 and 414. *Prine II*, 297 Kan. at 476. Federal Rule of Evidence 413(a) provides: "Permitted Uses. In a criminal case in which a defendant is accused of sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." Federal Rule of Evidence 414(a) provides: "Permitted Uses. In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Similarly, evidence admitted pursuant to K.S.A. 2015 Supp. 60-455(d) "may be considered for its bearing on any matter to which it is relevant and probative."

Our research reveals at least four federal circuit courts have directly held Rule 413 or 414 do not violate an accused's due process rights. See *United States v. Julian*, 427 F.3d 471, 486 (7th Cir. 2005), *cert denied* 546 U.S. 1220 (2006); *United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001), *cert denied* 534 U.S. 1166 (2002); *United States v. Mound*, 149 F.3d 799, 800-01 (8th Cir. 1998), *cert denied* 525 U.S. 1089 (1999); *United States v. Enjady*, 134 F.3d 1427, 1431 (10th Cir.), *cert denied* 525 U.S. 887 (1998). Pursuant to Federal Rules of Evidence 413 and 414, nearly every circuit court admits prior similar sexual misconduct to show a defendant's propensity to commit the crime

charged. The constitutionality of Federal Rules 413 and 414 has not been addressed by the United States Supreme Court.

In *Enjady*, the Tenth Circuit Court of Appeals addressed the constitutionality of Rule 413, and acknowledged:

> "The due process arguments against the constitutionality of Rule 413 are that it prevents a fair trial, because of 'settled usage'—that the ban against propensity evidence has been honored by the courts for such a long time that it 'must be taken to be due process of law,' *Hurtado v. California,* 110 U.S. 516, 528, 4 S. Ct. 111, 117, 28 L. Ed. 232 (1884); because it creates a presumption of guilt that undermines the requirement that the prosecution must prove guilt beyond a reasonable doubt, see *Estelle,* 502 U.S. at 78, 112 S. Ct. at 485 (O'Connor, J., concurring); and because if tendered to demonstrate the defendant's criminal disposition it licenses the jury to punish the defendant for past acts, eroding the presumption of innocence that is fundamental in criminal trials. See *Sheft*, *supra,* at 77-82.
>
> "That the practice is ancient does not mean it is embodied in the Constitution. Many procedural practices—including evidentiary rules—that have long existed have been changed without being held unconstitutional. The enactment of the Federal Rules of Evidence and subsequent amendments are examples." 134 F.3d at 1432.

The *Enjady* court held the admission of evidence pursuant to Federal Rule 413 was not an unconstitutional violation of the Due Process Clause of the 14th Amendment to the United States Constitution because of the safeguards of Federal Rule of Evidence 403. 134 F.3d at 1433. Other federal circuits have followed the rationale in *Enjady*.

Federal Rule of Evidence 403 states:  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Kansas has a statutory safeguard similar to Federal Rule 403:

"Except as in this article otherwise provided, the judge may in his or her discretion exclude evidence if he or she finds that its probative value is substantially outweighed by the risk that its admission will unfairly and harmfully surprise a party who has not had reasonable opportunity to anticipate that such evidence would be offered." K.S.A. 60-445.

Though the language of K.S.A. 60-445 only identifies unfair and harmful surprise as a reason to exclude evidence, the Kansas Supreme Court has interpreted K.S.A. 60-445 as similar to Federal Rule 403. *State v. Lee*, 266 Kan. 804, 814, 977 P.2d 263 (1999) ("We find no distinction between Federal Rule 403 and K.S.A. 60-445 based on the absence from 60-445 of the phrase 'unfair prejudice.' Exclusion of evidence on the basis of undue prejudice has always been a prerogative of a common-law trial judge.").

K.S.A. 2015 Supp. 60-455(d) permits the same evidence as Federal Rules of Evidence 413 and 414, and the evidence may be considered for any relevant matter. K.S.A. 2015 Supp. 60-455(d) is also subject to the same safeguard as Federal Rules 413 and 414. As such, the federal cases are highly persuasive. K.S.A. 2015 Supp. 60-455(d) does not violate a defendant's due process rights because the district court has discretion to exclude evidence of prior sexual offenses if the evidence is unfairly prejudicial.

*Boysaw's Argument*

Boysaw submits decisions from Iowa and Missouri to support his claim the admission of propensity evidence under K.S.A. 2015 Supp. 60-455(d) is unconstitutional in Kansas. In 2010, Iowa considered the constitutionality of a similar statute:

"In a criminal prosecution in which a defendant has been charged with sexual abuse, evidence of the defendant's commission of another sexual abuse is admissible and may be considered for its bearing on any matter for which the evidence is relevant. This evidence, though relevant, may be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless

14

presentation of cumulative evidence. This evidence is not admissible unless the state presents clear proof of the commission of the prior act of sexual abuse." *State v. Cox,* 781 N.W.2d 757, 761 (Iowa 2010) (quoting Iowa Code § 701.11[1]).

The Iowa Court noted the general prohibition of propensity evidence was "firmly established in Iowa courts at common law." *Cox*, 781 N.W.2d at 764. It also noted that while some jurisdictions developed exceptions for evidence of prior sexual abuse, Iowa has never admitted evidence of prior sexual offenses solely to prove the defendant's propensity:

> "Based on Iowa's history and the legal reasoning for prohibiting admission of propensity evidence out of fundamental conceptions of fairness, we hold the Iowa Constitution prohibits admission of prior bad acts evidence based solely on general propensity. Such evidence may, however, be admitted as proof for any legitimate issues for which prior bad acts are relevant and necessary, including those listed in rule 5.404(b) and developed through Iowa case law." *Cox,* 781 N.W.2d at 768.

Boysaw's reliance on *Cox* is misplaced. Unlike Iowa, prior to 1963 when K.S.A. 60-455 was enacted, Kansas repeatedly allowed propensity evidence in sexual crimes cases. Further, the prohibition on propensity evidence to show a defendant's lustful disposition started with the enactment of K.S.A. 60-455. See *Taylor*, 198 Kan. at 292. The Kansas Supreme Court did not overrule *Stitz* and *Allen*, or disapprove of the lustful disposition exception, for constitutional reasons; it merely reacted to the legislature's enactment of a new statute, K.S.A. 60-455. See *Taylor*, 198 Kan. at 292.

The 2009 amendments to K.S.A. 60-455, now reflected in K.S.A. 2015 Supp. 60-455(d), did not undermine Kansas' traditional protection afforded defendants by allowing evidence of prior sex offenses to be admitted to prove propensity. Instead, the legislature's amendments accurately reflect Kansas' common law tradition, which included the use of a defendant's prior sexual crimes to prove the defendant's lustful disposition as an exception to the general prohibition of using prior crimes to prove

15

propensity. Since Kansas has a different common law tradition than Iowa, *Cox* provides little support for Boysaw's arguments and is not persuasive.

Boysaw also submits *State v. Ellison*, 239 S.W.3d 603 (Mo. 2007), from the Missouri Supreme Court. The Missouri Supreme Court invalidated a statutory provision allowing propensity evidence for sexual crimes against children when the victim is under 14 unless the prejudicial effect of the evidence outweighs its probative value. In *Ellison*, the Missouri Supreme Court noted:

> "This Court has long maintained a general prohibition against the admission of evidence of prior crimes out of concern that '[e]vidence of uncharged crimes, when not properly related to the cause of trial, violates a defendant's right to be tried for the offense for which he is indicted.' [*State v. Burns*, 978 S.W.2d 759, 760 (Mo. 1998)] (citing *State v. Holbert*, 416 S.W.2d 129, 132 [Mo. 1967])." *Ellison*, 239 S.W.3d at 606.

This prohibition is based on art. 1, sections 17 and 18(a) of the Missouri Constitution. *Ellison*, 239 S.W.3d at 606. Section 17 provides that no person shall be prosecuted criminally except by indictment or information. Mo. Const. art. 1, § 17. Section 18(a), which is similar to § 10 of the Kansas Constitution Bill of Rights, states:

> "That in criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf; and a speedy public trial by an impartial jury of the county." Mo. Const. art. 1, § 18(a).

Section 10 of the Kansas Constitution Bill of Rights provides:

> "In all prosecutions, the accused shall be allowed to appear and defend in person, or by counsel; to demand the nature and cause of the accusation against him; to meet the witness face to face, and to have compulsory process to compel the attendance of the witnesses in his behalf, and a speedy public trial by an impartial jury of the county or

district in which the offense is alleged to have been committed. No person shall be a witness against himself, or be twice put in jeopardy for the same offense."

In keeping with a long line of cases, the Missouri Supreme Court held the statute allowing propensity evidence for sexual crimes against children was unconstitutional because the Missouri Constitution prohibited the admission of previous criminal acts to show propensity. *Ellison*, 239 S.W.3d at 607.

Boysaw's reliance on *Ellison* is also misplaced. Boysaw seems to argue this court should likewise interpret § 10 of the Kansas Constitution Bill of Rights as violating a defendant's right to "know the nature of the crime he is accused of." Unlike the Missouri constitutional provision, § 10's right for an accused "to demand the nature and cause of the accusation against him" only guarantees a sufficiently specific indictment to inform the accused of the charge he or she must defend against. See *State v. Wright*, 259 Kan. 117, 125, 911 P.2d 166 (1996) (quoting *State v. Ashton*, 175 Kan. 164, 174-75, 262 P.2d 123 [1953]).

Though § 18(a) of the Missouri Constitution contains language similar to § 10 of the Kansas Constitution Bill of Rights, the provisions' interpretations are distinct. In *Ellison*, the Missouri Supreme Court invalidated a statute allowing the admission of propensity evidence because of Missouri's longstanding legal tradition based on article 1, §§ 17 and 18(a) of the Missouri Constitution. In contrast, Kansas' provision only guarantees a specific indictment and has never been interpreted to prohibit the admission of propensity evidence. *Ellison* provides little support for Boysaw's argument.

Neither *Cox* nor *Ellison* is persuasive. Iowa's longstanding tradition of prohibiting evidence of prior sexual offenses solely to prove the defendant's propensity to commit the charged crime is irrelevant since Kansas courts routinely admitted propensity evidence in sexual crimes cases until the legislature enacted K.S.A. 60-455 in 1963. Similarly, the Missouri Supreme Court's broader interpretation of its Constitution to include a ban on

17

propensity evidence is irrelevant since our Supreme Court has narrowly interpreted § 10 of the Kansas Constitution Bill of Rights.

*Prejudicial Effect Versus Probative Value*

Boysaw argues the prejudicial effect of his 1987 Nebraska conviction "vastly outweighed its limited probative value." Our Supreme Court and this court have long recognized that a trial court has discretion to exclude relevant evidence when the court finds its probative value is outweighed by its potential for producing undue prejudice. See *Lee*, 266 Kan. at 814. An appellate court reviews any such determination for an abuse of discretion. See *State v. Lowrance*, 298 Kan. 274, 291, 312 P.3d 328 (2013). A judicial action constitutes an abuse of discretion if the action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

In *Prine II*, the Kansas Supreme Court noted federal cases interpreting Federal Rules 413, 414, and 415—upon which K.S.A. 60-455(d) was modeled—provided guidance and cited *United States v. Benally*, 500 F.3d 1085 (10th Cir. 2007), with approval. *Prine II*, 297 Kan. at 478. Subsequent cases indicate district courts must balance the probative value against the threat of undue prejudice. See *State v. Remmert*, 298 Kan. 621, 628, 316 P.3d 154 (2014), *disapproved of on other grounds by State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015); *State v. Spear*, 297 Kan. 780, 789, 304 P.3d 1246 (2013).

In determining whether to admit evidence of prior acts, the Tenth Circuit Court of Appeals held the district court should consider:

> "1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing

the probative dangers, a court considers: 1) how likely it is such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct." *Benally*, 500 F.3d at 1090.

The Tenth Circuit also provided a list of factors a court may consider when analyzing the probative value of prior acts, including: "(1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony." *Benally*, 500 F.3d at 1090-91. Boysaw cites a similar list of factors from *LeMay*, 260 F.3d at 1027-28, which were analyzed by a panel of this court in *State v. Young*, No. 102,121, 2013 WL 6839328 (Kan. App. 2013) (unpublished opinion), *rev. denied* 300 Kan. 1108 (2014). Though the wording of the factors differ slightly, the factors are substantively the same.

Boysaw claims the 1987 conviction lacks probative value and argues the evidence's inadmissibility, asserting:

- The ages of the victims are dissimilar;
- The prior conviction occurred 27 years ago;
- He has only one prior, similar conviction;
- He served 5 years in prison; and
- He began suffering health problems.

In contrast, the State responds the prior conviction is admissible since:

- The conviction in 1987 was a similar crime;
- The age of the girls was close—9 years old vs. 6 years old;
- The act of touching the two girls was nearly identical;
- The prior conviction is probative given Boysaw's theory of defense;

- The State tailored the stipulation to Boysaw's request; and
- The stipulation was limited to the basics.

Here, the district court carefully considered the facts of Boysaw's prior conviction along with the facts of this case and found:

- The prior crime was strikingly similar to the currently charged crime;
- The girl in the 1987 conviction was 9 years old when Boysaw touched her—G.E.M. was 6 years old when Boysaw touched her;
- Boysaw was accused of removing G.E.M.'s panties and touching her vagina with his hand in a rubbing motion without penetrating her;
- G.E.M.'s mother testified Boysaw's pants were unfastened and he had to adjust his penis through his clothing to refasten them; and
- Boysaw's 1987 conviction was for removing a girl's panties, touching her vagina with his hand in a rubbing motion without penetrating her while exposing his penis, and touching himself.

Further, the record reflects the district court carefully considered the admissibility of the prior conviction given the time lapse between the prior offense and the charged offense, the number of the prior acts, the occurrence of intervening events, and the need for evidence beyond the defendant's and alleged victim's testimonies. The district court determined none of these factors prohibited the admission of the 1987 conviction. The district court's decision to include evidence of Boysaw's 1987 Nebraska conviction was not arbitrary, fanciful, or unreasonable. Therefore, the district court did not abuse its discretion in finding evidence of the prior conviction was not unduly prejudicial, was probative, and was admissible.

*Boysaw Is an Aggravated Habitual Sex Offender.*

Boysaw claims the district court erred when it classified his 1987 Nebraska conviction as a sexually violent crime and sentenced him as an aggravated habitual sex offender. Whether a defendant qualifies as an aggravated habitual sex offender is a mixed question of law and fact. *State v. Weber*, 297 Kan. 805, 812, 304 P.3d 1262 (2013). As such, this court reviews the district court's factual findings for substantial competent evidence and the district court's legal conclusions de novo. 297 Kan. at 812.

Boysaw argues Neb. Rev. Stat. § 28-319 (2006) is not substantially similar to K.S.A. 2015 Supp. 21-6626(c)(2)(B) because first-degree sexual assault of a child in Nebraska was not implemented until 2006. The State correctly points out Boysaw was convicted of sexual assault of a child pursuant to Neb. Rev. Stat. § 28-320.01 (1984), and the PSI incorrectly identified the statute as Neb. Rev. Stat. § 28-319 (2006). Boysaw's 1987 Nebraska conviction was for sexual assault of a child and was substantially similar to K.S.A. 2015 Supp. 21-6626(c)(2)(B).

In 1987, Neb. Rev. Stat. § 28-320.01 (1984) read: "A person commits sexual assault of a child if he or she subjects another person fourteen years of age or younger to sexual contact and the actor is at least nineteen years of age or older." Neb. Rev. Stat. § 28-318(5) (1985) defined "sexual contact" as:

> "[T]he intentional touching of the victim's sexual or intimate parts or the intentional touching of the victim's clothing covering the immediate area of the victim's sexual or intimate parts. . . . Sexual contact shall include only such conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification of either party."

At the time of Boysaw's conviction, Kansas defined aggravated indecent liberties with a child as "[a]ny lewd fondling or touching of the person of either the child or the

21

offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both" when the child is under 14 years old. K.S.A. 2015 Supp. 21-5506(b)(3)(A).

The Nebraska statute is substantially similar to K.S.A. 2015 Supp. 21-5506(b)(3)(A). Both statutes involve victims under the age of 14. Both statutes involve physical contact between the victim and offender and require the contact be intended to sexually arouse or satisfy either the victim, the offender, or both. Had Boysaw's 1987 Nebraska conviction occurred in Kansas, it would have been charged as aggravated indecent liberties with a child.

The aggravated habitual sex offender statute defines an aggravated habitual sex offender in K.S.A. 2015 Supp. 21-6626(c)(1) to mean:

> "[A] person who, on and after July 1, 2006: (A) Has been convicted in this state of a
> sexually violent crime, as described in subsection (c)(2)(A) through (c)(2)(J) or (c)(2)(L);
> and (B) prior to the conviction of the felony under subparagraph (A), has been convicted
> of two or more sexually violent crimes."

Additionally, K.S.A. 2015 Supp. 21-6626(c)(2)(K) defines other prior sexual convictions as "any federal or other state conviction for a felony offense that under the laws of this state would be a sexually violent crime as defined in this section." Aggravated indecent liberties with a child is a sexually violent crime. K.S.A. 2015 Supp. 21-6626(c)(2)(B).

The district court correctly found Boysaw was an aggravated habitual sex offender. The district court found Boysaw had two prior convictions for sexually violent crimes—attempted indecent liberties with a child in Kansas in 1979 and his 1987 Nebraska conviction. Pursuant to K.S.A. 2015 Supp. 21-6626(c)(2)(L), attempted indecent liberties with a child is a sexually violent crime. Likewise, under K.S.A. 2015 Supp. 21-6626(c)(2)(K), Boysaw's 1987 Nebraska conviction was a sexually violent

22

crime. The district court did not err when it found Boysaw was an aggravated habitual sex offender and sentenced him pursuant to that finding.

*The Aggravated Habitual Sex Offender Statute Is Constitutional*.

Boysaw also argues the aggravated habitual sex offender statute, K.S.A. 2015 Supp. 21-6626, is unconstitutional because it increases a statutory minimum sentence without requiring the facts be proven to a jury as required by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Boysaw acknowledges the Kansas Supreme Court has consistently rejected this argument. See *Weber*, 297 Kan. at 817-18; *State v. Trautloff*, 289 Kan. 793, 803-04, 217 P.3d 15 (2009). In *Weber* and *Trautloff*, the defendants were sentenced to life in prison without the possibility of parole as aggravated habitual sex offenders. The Kansas Supreme Court rejected their arguments that the sentencing statute was unconstitutional, citing, among others, S*tate v. Conley*, 287 Kan. 696, 700, 197 P.3d 837 (2008). In *Conley*, the Kansas Supreme Court held only facts increasing a sentence beyond the statutory maximum must be proven to a jury beyond a reasonable doubt under *Apprendi*. 287 Kan. at 700.

In *Apprendi*, the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Inexplicably, neither Boysaw nor the State cite to *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). *Alleyne* extended *Apprendi* to apply where facts increased the mandatory minimum sentence as well. *Alleyne*, 133 S. Ct. at 2155. Based on the United States Supreme Court's holding in *Alleyne*, it appears *Weber*, *Trautloff*, and *Conley* are no longer controlling law.

Under *Apprendi*, prior convictions need not be submitted to a jury. 530 U.S. at 490; *State v. Ivory*, 273 Kan. 44, 46, 41 P.3d 781 (2002). The *Alleyne* court expressly

declined to revisit this exception; it remains controlling law. 133 S. Ct. at 2160, n.1. Pursuant to K.S.A. 2015 Supp. 21-6626, a defendant "shall be sentenced to imprisonment for life without the possibility of parole" if the defendant has two or more prior convictions for sexually violent crimes. Only a defendant's prior convictions are considered.

Since K.S.A. 2015 Supp. 21-6626 enhances a defendant's sentence based on the defendant's prior convictions, the district court did not violate Boysaw's constitutional rights when it imposed a life sentence without parole pursuant to K.S.A. 2015 Supp. 21-6626 without requiring the facts supporting the sentence be proved to a jury beyond a reasonable doubt.

*No* Apprendi *Violation*

Boysaw also argues the district court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution when it used his prior convictions to enhance his sentence without proving those convictions to a jury beyond a reasonable doubt, contrary to the United States Supreme Court's guidance in *Apprendi*, 530 U.S. at 490. Boysaw recognizes the Kansas Supreme Court rejected this argument in *Ivory*, 273 Kan. at 45-48, but includes the issue to preserve it for federal review. Because there is no indication the Kansas Supreme Court is departing from this position, this court is duty bound to follow established precedent. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011). The district court properly used Boysaw's criminal history to establish his sentence.

Affirmed.

24