NOT DESIGNATED FOR PUBLICATION

No. 113,703

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CODY A. MCCLENDON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Kingman District Court; LARRY T. SOLOMON, judge. Opinion filed June 10, 2016. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, for appellee.

Before ARNOLD-BURGER, P.J., SCHROEDER, J., and JEFFREY E. GOERING, District Judge, assigned.

*Per Curiam*: In this direct appeal, Cody A. McClendon challenges his jury conviction of one count each of aggravated indecent liberties with a child and indecent liberties with a child. He also challenges the use of his criminal history to determine his sentence. First, he claims he is entitled to a new trial because the trial court erroneously admitted unduly prejudicial evidence of his prior sex-related convictions. McClendon failed to preserve the issue below by failing to make a contemporaneous objection to its admission at trial. McClendon's argument as to the use of his criminal history at sentencing fails in light of our courts' precedent. Accordingly, we affirm.

1

The State charged McClendon with one count each of aggravated indecent liberties with a child and indecent liberties with a child based on two incidents involving his interactions with then 14-year-old C.E. on 2 separate days in March 2013. We find it unnecessary to set out the facts involving McClendon's crimes since the sufficiency of the evidence is not an issue in this appeal.

At issue are the motions in limine filed by both parties regarding whether the State would be allowed to admit evidence that McClendon had prior convictions of aggravated indecent liberties with a child and indecent liberties with a child. See K.S.A. 2015 Supp. 60-455(d) ("Except as provided in K.S.A. 60-445 . . . , in a criminal action in which the defendant is accused of a sex offense . . . , evidence of the defendant's commission of another act or offense of sexual misconduct is admissible, and may be considered for its bearing on any matter to which it is relevant and probative."). At the close of a pretrial hearing on those motions, the district court preliminarily ruled the State could bring in that evidence at trial because it was relevant and its probative value outweighed its potential for causing undue prejudice. See *State v. Prine*, 297 Kan. 460, 478, 303 P.3d 662 (2013) (leaving "to another day" question of whether necessity of weighing probative value of prior crimes evidence against threat of undue prejudice "persists under" K.S.A. 2015 Supp. 60-455[d]); accord *State v. Boysaw*, 52 Kan. App. 2d 635, Syl. ¶¶ 3, 6, 7, ___ P.3d ___, 2016 WL 1391927 (Kan. App. 2016), *petition for rev. filed* May 6, 2016.

The trial court also ruled the State could not bring in evidence of McClendon's other convictions of nonsex crimes, which the State conceded were irrelevant. At the close of the State's evidence, the trial court admitted certified copies of the journal entry of McClendon's prior sex crime convictions after McClendon's counsel stated he had no objection. McClendon then presented his evidence and rested.

The jury found McClendon guilty as charged. The presentence investigation report revealed McClendon had a criminal history score of D. His prior sex crime convictions also resulted in his designation as a persistent sex offender. See K.S.A. 2015 Supp. 21-6804(j) ("sentence of any persistent sex offender whose current convicted crime carries a presumptive term of imprisonment shall be double the maximum duration of the presumptive imprisonment term"). Thus, the trial court imposed consecutive sentences of 200 months' imprisonment for aggravated indecent liberties with a child and 68 months' imprisonment for indecent liberties with a child. McClendon appeals.

ANALYSIS

*Admission of Prior Convictions of Sex Offenses*

McClendon seeks a new trial because the trial court admitted evidence of his prior sex convictions. The State responds that McClendon's failure to contemporaneously object to the admission of the evidence at trial precludes us from reaching the merits of his arguments. We agree.

K.S.A. 60-404 governs the necessity of a contemporaneous objection to preserve an evidentiary issue for appellate review. More specifically, the statute directs:

> "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection." K.S.A. 60-404.

See also *State v. King*, 288 Kan. 333, 341-42, 349, 204 P.3d 585 (2009) (discussing importance and goals of contemporaneous objection mandated by K.S.A. 60-404).

McClendon acknowledges this statutory contemporaneous-objection rule but argues it should not bar appellate review where its purpose is satisfied by the trial court's consideration of the admissibility of the evidence in ruling on a pretrial motion in limine. That argument, however, disregards the temporary protective nature of rulings in limine and the fact that such rulings are subject to change during trial. *State v. Breedlove*, 295 Kan. 481, 494, 286 P.3d 1123 (2012). That argument is also contrary to Kansas Supreme Court precedent, which we are duty bound to follow. See *State v. Houston*, 289 Kan. 252, 270, 213 P.3d 728 (2009) (holding that when a court denies a motion in limine seeking to exclude evidence at trial, the moving party must still object to the introduction of evidence at trial in order to preserve challenge to its admission for appeal); *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ____ (September 14, 2015) (recognizing Court of Appeals is duty bound to follow Kansas Supreme Court precedent absent some indication of intent to depart therefrom).

Further, as another panel of this court recently recognized, barring a defendant from challenging the admission of evidence on appeal in the absence of a contemporaneous objection at trial is especially appropriate where, as here, the trial court partially grants an order in limine. Without a contemporaneous objection, we are left to "guess[ ] about whether [the defendant] failed to object because he was satisfied with the district court's *partial* grant of his motion in limine or whether he wished to continue to argue that the evidence was entirely inadmissible." *State v. Moellman*, No. 111,908, 2015 WL 5036755, at *4 (Kan. App. 2015) (unpublished opinion). Additionally, McClendon's counsel agreed to the document's admissibility by stating he had "no objection."

Accordingly, McClendon's challenge to the admissibility of the evidence of his prior sex crime convictions was not preserved for appeal.

*Use of Criminal History in Sentencing*

McClendon also argues the use of his prior convictions to enhance his sentence without requiring those convictions be proved to a jury beyond a reasonable doubt violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution as recognized in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). McClendon acknowledges that our Supreme Court rejected this same argument in *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002), and its progeny of cases, and raises it solely to preserve the issue for federal review.

Affirmed.