NOT DESIGNATED FOR PUBLICATION

No. 117,378

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEREK ALAN GORMLY,
*Appellant*.


MEMORANDUM OPINION


Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed February 2, 2018. Affirmed in part, vacated in part, and remanded with directions.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Amy L. Aranda*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., BUSER and SCHROEDER, JJ.


PER CURIAM:  Derek Alan Gormly appeals his bench trial conviction for one count of aggravated indecent liberties with a child and one count of lewd and lascivious behavior. First, Gormly complains the district court improperly admitted evidence of his 2005 conviction for unlawful voluntary sexual relations and his 2007 conviction for indecent solicitation of a child. Next, he complains the district court improperly imposed lifetime postrelease supervision in addition to imposing lifetime parole. Finally, Gormly claims imprisonment for life based on his aggravated indecent liberties with a child conviction violates the Eighth Amendment to the United States Constitution.

1

The record reveals the district court properly admitted the evidence pursuant to K.S.A. 2016 Supp. 60-455(d) reflecting Gormly's prior sex-related convictions as they showed his propensity to be sexually involved with children between 13 and 15 years of age. As to Gormly's second point, we agree the district court could not sentence him to lifetime postrelease supervision in conjunction with lifetime parole. We remand for the district court to vacate the order imposing lifetime postrelease supervision. Gormly's last argument claiming that imprisonment for life is unconstitutional is controlled by precedent and we are duty bound to follow it. We affirm in part, vacate in part, and remand with directions.

FACTS

Gormly was convicted of one count of lewd and lascivious behavior and one count of aggravated indecent liberties with a child. Gormly's victim was his then-girlfriend's younger sister, D.S., who was 13 years old at the time of the offenses. Gormly was 26 years old at the time. Gormly allegedly engaged D.S. in sexually inappropriate behavior at various times in the fall of 2012. Specifically, she alleged Gormly inappropriately touched her leg on multiple occasions, exposed his penis to her, grabbed her breasts, kissed her, and put his hands down her pants and touched her vagina.

The State charged Gormly with three counts of aggravated indecent liberties with a child and one count of lewd and lascivious behavior. Prior to trial, the State filed a motion to admit evidence pursuant to K.S.A. 2016 Supp. 60-455(d) of Gormly's 2005 Kansas conviction for unlawful voluntary sexual relations and his 2007 Kansas conviction for indecent solicitation of a child to show his propensity to be attracted to young girls. When the offenses occurred, Gormly was between 18 and 20 years old and his victims were between 14 and 15 years old. Gormly objected, claiming the evidence failed to show propensity and was unduly prejudicial. The district court granted the State's motion.

2

Gormly waived his right to a jury trial and the matter proceeded to a bench trial. Gormly asked the district court to take judicial notice of the probable cause affidavits in his prior convictions so it could adequately weigh their relevance. After hearing the evidence presented at trial, the district court acquitted Gormly of two counts of aggravated indecent liberties with a child but convicted him of the remaining count of aggravated indecent liberties as well as one count of lewd and lascivious behavior. The district court sentenced Gormly to imprisonment for life without the possibility of parole for 25 years for aggravated indecent liberties with a child and 16 months' imprisonment for lewd and lascivious behavior, consecutive to the life sentence. The district court also imposed lifetime postrelease supervision.

## ANALYSIS

*Gormly's prior convictions were admissible*.

Gormly argues the district court erred in admitting evidence of his prior convictions. He asserts the prior convictions were not relevant because at the time of those offenses he was between 18 and 20 years old and his victims were between 14 and 15 years old, whereas under the pending case, he was 26 years old and his victim was 13 years old.

Appellate review of the admission of evidence pursuant to K.S.A. 2016 Supp. 60-455(d) is a multistep process. See *State v. Rodman*, 53 Kan. App. 2d 106, 115-16, 383 P.3d 187 (2016), *rev. denied* 306 Kan. 1329 (2017). "[A] court must first determine whether the evidence is relevant. Generally speaking, all relevant evidence is admissible. K.S.A. 60-407(f)." *Rodman*, 53 Kan. App. 2d at 115. Relevant evidence is defined as "evidence having any tendency in reason to prove any material fact." K.S.A. 60-401(b). Relevance has two components—materiality and probativity. *Rodman*, 53 Kan. App. 2d at 115. Evidence is material when the fact it supports is in dispute or in issue in the case.

3

*State v. Bowen*, 299 Kan. 339, 348, 323 P.3d 853 (2014). Materiality is reviewed de novo. *State v. Page*, 303 Kan. 548, 550, 363 P.3d 391 (2015). Evidence is probative if it has any tendency to prove any material fact. *State v. Dupree*, 304 Kan. 43, 64, 371 P.3d 862 (2016). An appellate court reviews the district court's assessment of the probative value of evidence under an abuse of discretion standard. *Page*, 303 Kan. at 550-51. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the ruling is based on an error of law; or (3) is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

*The evidence was relevant*.

In a prosecution for a sex crime, K.S.A. 2016 Supp. 60-455(d) allows evidence of other acts or offenses of sexual misconduct to show propensity to commit such an act or crime and any other matter to which it is relevant and probative. See *State v. Prine*, 297 Kan. 460, 475, 303 P.3d 662 (2013). As our Supreme Court noted in *Prine*, "the 'modern psychology of pedophilia' suggests that propensity evidence may possess probative value for juries, because 'sexual attraction to children and a propensity to act upon it are defining symptoms of this recognized mental illness.'" 297 Kan. at 465.

> "In sex offense cases, propensity evidence is material, *i.e.*, has a 'legitimate and effective bearing' on defendants' guilt. See *Remmert,* 298 Kan. at 627-28 (prior diversion for sex crime against young girl relevant to guilt in prosecution for sex crime against young boy); see also *Spear*, 297 Kan. at 789 (victim's prior molestation allegations against defendant would have been admissible propensity evidence in later prosecution for aggravated indecent liberties involving same victim); *Prine,* 297 Kan. at 480 (defendant's prior sexual abuse of daughter and younger sister admissible propensity evidence in prosecution for sex abuse against friend's daughter)." *Bowen*, 299 Kan. at 349.

Gormly's prior convictions are material as they show an attraction to and sexual activity with young girls. Here, the victim was 13 years old, which is close in age to Gormly's other victims who were 14 and 15 years old. This evidence supports a fact in dispute in the case—whether Gormly engaged in sexual activity with a 13-year-old girl—therefore, it is material. See *Bowen*, 299 Kan. at 348.

Gormly argues his prior convictions are not probative because of the difference in his age at the time of the prior offenses relative to his victims' ages. He fails to explain why the fact he is now older makes his prior convictions for sexual acts with similarly aged victims not probative. He does not support his argument with any citation to pertinent authority. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015). Moreover, his argument is contrary to other cases involving propensity evidence, which generally focus on the similarity in the age of the victims, not the defendant's age relative to the victim. See *Bowen*, 299 Kan. at 349; *Remmert*, 298 Kan. at 627-28; *State v. Boysaw*, 52 Kan. App. 2d 635, 649-51, 372 P.3d 1261 (2016) (no error in admitting evidence of sexual assault conviction from 27 years prior in prosecution for aggravated indecent liberties with a child), *rev. granted* 306 Kan. 1321 (2017).

In any event, Gormly's argument fails as the evidence is probative of a material fact in issue—whether he had sexual relations with a 13-year-old girl. His age relative to the victim is not in issue. Moreover, Gormly continuing to engage in sexual relations with girls between the age of 13 and 15 over an 8-year span shows a "'sexual attraction to children and a propensity to act upon it [which] are defining symptoms of [pedophilia].'" See *Prine*, 297 Kan. at 465. In other words, as Gormly gets older his victims stay the same age. The evidence of Gormly's prior convictions was material and probative and therefore, relevant; thus, it was admissible unless its probative value was substantially

outweighed by its potential for producing undue prejudice. See K.S.A. 60-407(f); K.S.A. 60-445; *Prine*, 297 Kan. at 465.

*The evidence was not unduly prejudicial.*

Even though the evidence is materially probative and therefore relevant, a trial court has discretion to exclude the evidence when the court finds its probative value is substantially outweighed by its potential for producing undue prejudice. See K.S.A. 60-445. An appellate court reviews any such determination for an abuse of discretion. See *State v. Lowrance*, 298 Kan. 274, 291, 312 P.3d 328 (2013). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the ruling is based on an error of law; or (3) is based on an error of fact. *Marshall*, 303 Kan. at 445.

Gormly argues "the prejudicial effect [of the evidence] was high." We agree the evidence was prejudicial just like all the other types of evidence the State offers to support its claim Gormly is guilty. See *State v. Garcia*, 285 Kan. 1, 18, 169 P.3d 1069 (2007) ("'All evidence that is derogatory to the defendant is by its nature prejudicial to the defendant's claim of not guilty. Evidence that actually or probably brings about the wrong result under the circumstances of the case is '"*unduly prejudicial*."' [Emphasis added.]" quoting *State v. Clark*, 261 Kan. 460, 477, 931 P.2d 664 [1997]); *State v. Overton*, 279 Kan. 547, 554, 112 P.3d 244 (2005) ("All evidence supporting the State's charges is prejudicial to the defendant."); *State v. Williams*, 235 Kan. 485, 493, 681 P.2d 660 (1984) ("It was prejudicial as is all evidence against the accused in criminal actions. That is its purpose.").

But, was the evidence so prejudicial that it outweighed its probative value? We think not. Here, Gormly does not specifically argue the prejudicial effect of the evidence substantially outweighed its probative value, rather, he incidentally argues the district

court improperly considered the evidence to prove an "unnatural attraction to young girls." Accordingly, he abandons this argument by failing to specifically allege or demonstrate an abuse of discretion. See *Williams*, 303 Kan. at 758. Because Gormly has failed to show the admission of his two prior convictions lacked probative value or were unduly prejudicial, his claim fails.

*Lifetime postrelease supervision cannot be imposed in conjunction with lifetime parole.*

Gormly argues the district court erred in imposing lifetime postrelease supervision because his sentence for aggravated indecent liberties with a child requires lifetime parole upon his release. We agree. His argument raises a question of statutory interpretation subject to unlimited review. See *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Gormly was sentenced to imprisonment for life without the possibility of parole for 25 years. He will be eligible for parole after serving the mandatory 25 years. See K.S.A. 2016 Supp. 22-3717(b)(6). If granted parole, Gormley "shall be placed on parole for life and shall not be discharged from supervision by the prisoner review board." K.S.A. 2016 Supp. 22-3717(u). A sentencing court has no authority to order lifetime postrelease supervision in conjunction with mandatory lifetime parole. Gormly's sentence is therefore illegal and must be vacated. We remand the matter to the district court with specific instructions to vacate the portion of Gormly's sentence requiring lifetime postrelease supervision. See *State v. Cash*, 293 Kan. 326, 330-31, 263 P.3d 786 (2011).

*Imprisonment for life for aggravated indecent liberties with a child is not unconstitutional.*

Gormly argues his sentence of imprisonment for life without the possibility of parole for 25 years for aggravated indecent liberties with a child is categorically

7

unconstitutional under the Eight Amendment to the United States Constitution. He acknowledges his argument was explicitly rejected by our Supreme Court in *State v. Ruggles*, 297 Kan. 675, Syl. ¶ 6, 304 P.3d 338 (2013), but raises the issue to preserve it for potential federal review. This court is duty bound to follow Kansas Supreme Court precedent absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Because there is no indication our Supreme Court is departing from *Ruggles*, we find no support in Gormly's argument that imprisonment for life is categorically unconstitutional under the Eighth Amendment.

Affirmed in part, vacated in part, and remanded with instructions.