NOT DESIGNATED FOR PUBLICATION

No. 115,716

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY LAVERNE TOOTHMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed November 3, 2017. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., HILL and SCHROEDER, JJ.

PER CURIAM: Larry Laverne Toothman was convicted of three counts of rape, two counts of aggravated criminal sodomy, two counts of attempted aggravated criminal sodomy, and one count of distribution of a controlled substance. On appeal, he presents several challenges to the district court's decision to allow his prior sex offenses to be introduced at trial, as well as challenges to instructions that were given and not given to the jury. We have thoroughly reviewed each of the arguments presented by Toothman and find no error; accordingly, we affirm.

FACTS

R.T. lived with her mother and Toothman, her stepfather, in Salina, Kansas. Toothman slept on a couch in the living room. He generally slept naked, underneath a sheet or blanket.

R.T. slept on the couch with Toothman for a period of time in 2011 during her freshman year of high school after her mattress was thrown away due to a flea infestation. During that time, R.T. awoke numerous times to find Toothman sexually abusing her, including multiple acts of oral sex and digital sex. After several months, R.T. confronted Toothman about the sexual abuse. Toothman cried and threatened to kill himself, begging R.T. not to tell others what he had done. He stopped the sexual abuse against R.T. for some time after the confrontation. R.T. described the abuse to her boyfriend but did not report Toothman to her mother or to law enforcement.

In the spring of 2013, R.T. began sleeping on the couch again after undergoing gallbladder surgery and suffering back pain. R.T. testified that Toothman would regularly give her four Extra Strength Tylenol pills and two of his prescribed Ambien pills every night to help her sleep.

On April 25, 2013, R.T. went to sleep on the couch after taking the pills provided by Toothman. R.T. awoke in the night to find that her pants had been removed and that Toothman had his hand down her underwear with his fingers inside her vagina. She fell back asleep and awoke the next morning with soreness in her vaginal area. That morning, R.T. told her boyfriend what had happened, and he insisted that she talk with the school resource officer.

R.T. met with the school resource officer the morning of April 26, 2013, and reported both the previous night's incident and the abuse that had occurred in 2011. After

school, R.T. was interviewed by an investigator at the Salina Police Department. That evening, R.T. went to the Salina Regional Health Center for a forensic exam with a sexual assault nurse examiner. The physical exam revealed some redness to the labia minora, a minor abrasion to the clitoris area, and a healed transection to the hymen. The nurse testified that the exam findings were consistent with the information R.T. provided.

Law enforcement arrested Toothman the same day. During police interrogation, Toothman admitted giving R.T. Ambien pills that had been prescribed to him by his doctor. Toothman also acknowledged removing R.T.'s pants, massaging her back, and rubbing her stomach, but he denied touching her vagina. After the investigation was completed, the State charged Toothman with three counts of rape, one count of distribution of Ambien, two counts of aggravated criminal sodomy, and two counts of attempted aggravated criminal sodomy for the incidents occurring in 2011 and 2013.

Before trial, the State sought permission to introduce Toothman's recent prior convictions for several counts of aggravated criminal sodomy, criminal sodomy, rape, aggravated indecent liberties with a child, and aggravated incest against Toothman's niece, C.D.T., a case that had been pending simultaneously with this case in Saline County. The State argued that under K.S.A. 2016 Supp. 60-455(d), the convictions were relevant for any purpose, including as propensity evidence. The district court granted the State's motion. The parties agreed to present the evidence by allowing the court to read the following stipulation at the beginning of the trial:

> "The following fact has been agreed to by the parties and is to be considered by you as true:
> "On September 11, 2014, the defendant, Larry Laverne Toothman, Jr., was convicted in Saline County District Court on four counts of Aggravated Criminal Sodomy and three counts of Rape for acts that he committed against his niece, C.D.T., between December 1, 2010, and October 2, 2012, when she was fifteen to sixteen years

3

old. These acts were committed under circumstances when C.D.T. was overcome by force or fear."

The same stipulation was included in the jury instructions.

The jury convicted Toothman as charged. The district court sentenced him to 653 months in prison, consecutive to prior convictions.

ANALYSIS

On appeal, Toothman challenges the district court's decision to allow the jury to consider his prior sex offenses. Specifically, he claims (1) permitting the jury to consider his prior convictions for sex offenses to show a propensity to commit the current sex offenses charged violated his constitutional right to due process of the law; (2) the prejudicial effect of introducing the prior sex offenses into evidence in this particular case outweighed any probative value; (3) the district court erred in failing to provide an instruction limiting the extent to which they could consider his prior sex offenses in deciding whether he committed the current sex offenses charged; and (4) the district court erred in failing to provide an instruction limiting the extent to which they could consider his prior sex offenses in deciding whether he committed the current nonsex offenses charged. In addition, Toothman claims the court erred in instructing the jury regarding the mens rea required for the crime of attempted aggravated criminal sodomy and argues cumulative errors require reversal. We address each of Toothman's claims in turn.

1. *Admissibility of prior sex offenses to prove propensity*

K.S.A. 2016 Supp. 60-455(d) exclusively governs the admission of prior-bad-act evidence in sex crime prosecutions. This subsection of the statute was added by the Legislature in 2009 and broadly "permits evidence of other acts or offenses of sexual misconduct to be admitted in such a prosecution 'for its bearing on any matter to which it

4

is relevant and probative,'" including propensity to commit the current sex crime charged. *State v. Prine*, 297 Kan. 460, 475, 303 P.3d 662 (2013) (quoting K.S.A. 2009 Supp. 60-455[d]). As our Supreme Court has recognized in applying K.S.A. 2016 Supp. 60-455(d):

> "In sex offense cases, propensity evidence is material, *i.e.*, has a 'legitimate and effective bearing' on defendants' guilt. See [*State v.*] *Remmert*, 298 Kan. [621,] 627-28[, 316 P.3d 154 (2014)] (prior diversion for sex crime against young girl relevant to guilt in prosecution for sex crime against young boy); see also [*State v.*] *Spear*, 297 Kan. [780,] 789[, 304 P.3d 1246 (2013)] (victim's prior molestation allegations against defendant would have been admissible propensity evidence in later prosecution for aggravated indecent liberties involving same victim); *Prine*, 297 Kan. at 480 (defendant's prior sexual abuse of daughter and younger sister admissible propensity evidence in prosecution for sexual abuse against friend's daughter)." *State v. Bowen*, 299 Kan. 339, 349, 323 P.3d 853 (2014).

Thus, in prosecuting a sex offense, K.S.A. 2016 Supp. 60-455(d) generally permits the State to admit other instances of the defendant's sexual misconduct as bearing on propensity in addition to other grounds on which it might be relevant. With that said, the Kansas Supreme Court has suggested that prior sexual misconduct otherwise admissible under K.S.A. 2016 Supp. 60-455(d) should be excluded if its probative value is substantially outweighed by its impermissibly prejudicial effect. See *State v. Bowen*, 299 Kan. 339, 349-50, 323 P.3d 853 (2014); *Prine*, 297 Kan. at 478. The district court's balancing of probative value with undue prejudice involves an exercise of judicial discretion and is reviewed on appeal for abuse of that discretion. See *State v. Perez*, 306 Kan. 655, 670, 396 P.3d 78 (2017) (appellate court reviews trial court's weighing of probative value and prejudice for abuse of discretion).

a. *Constitutionality of K.S.A. 2016 Supp. 60-455(d)*

Toothman argues subsection (d) of K.S.A. 2016 Supp. 60-455 permitting the State to introduce his prior sex crimes solely for purposes of proving he had a propensity to

5

commit the current sex crimes charged violates the due process protections to which he is entitled under the Kansas Constitution Bill of Rights. Toothman acknowledges that two other panels of this court have previously considered and rejected this argument. See *State v. Boysaw*, 52 Kan. App. 2d 635, Syl. ¶ 5, 372 P.3d 1261 (2016), *rev. granted* 306 Kan. __ (2017) (holding K.S.A. 2015 Supp. 60-455[d] does not violate a defendant's due process rights and is constitutional); see also *State v. Razzaq*, No. 114,325, 2016 WL 6139148 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* November 21, 2016, at *2-3 (following *Boysaw*). Highlighting the fact that the Kansas Supreme Court granted the defendant's petition for review in *Boysaw* on April 20, 2017, Toothman contends *Boysaw* and *Razzaq* were wrongly decided. We note that, from a procedural standpoint, briefs in *Boysaw* have not yet been filed with the Supreme Court and the case has not been scheduled for argument. In *Razzaq*, the Supreme Court has not yet granted or denied review.

In response to Toothman's argument, the State contends as a preliminary matter that Toothman has failed to preserve this issue for appeal and asks us to dismiss as a result. Specifically, the State asserts Toothman did not make a contemporaneous objection to the admission of the K.S.A. 2016 Supp. 60-455(d) evidence when it was introduced at trial; thus, the issue is not properly before this court under K.S.A. 60-404. As explained in detail below, we agree with the State that Toothman's argument was not preserved under the contemporaneous objection rule in K.S.A. 60-404 but will consider his appeal on the merits because it presents a purely legal claim based on a denial of his fundamental right to due process of law.

On September 11, 2014, prior to the trial in this case, Toothman was convicted in Saline County case 13 CR 773 of four counts of aggravated criminal sodomy, three counts of criminal sodomy, three counts of rape, two counts of aggravated indecent liberties with a child, and two counts of aggravated incest against his minor niece, C.D.T. The State filed a motion under K.S.A. 2016 Supp. 60-455(d) to introduce the convictions

as evidence in R.T.'s case. In support of the motion, the State argued at the October 8, 2014 pretrial hearing that the convictions against C.D.T. demonstrated Toothman's propensity to commit sexual offenses against teenage girls. In support of this argument, the State cited *Prine*, which held that prior sex offense evidence is admissible under K.S.A. 2016 Supp. 60-455(d) for any matter to which it is relevant and probative, including to demonstrate the defendant's propensity to commit sexual offenses.

In response to the State's argument, Toothman claimed the evidence was inadmissible because it was more prejudicial than probative. Defense counsel stated: "*Prine* is what it is, Judge . . . obviously, no case law yet . . . has overruled it. Obviously, would be our position that it's unconstitutional, especially given the fact that there's a rape shield statute that doesn't allow the defense the same prerogative." Defense counsel did not make any further argument regarding the constitutionality of the statute.

The district court ultimately granted the State's motion, holding that under K.S.A. 2016 Supp. 60-455(d) and *Prine*, the prior convictions against C.D.T. were relevant to prove propensity, and the probative value of the evidence was not outweighed by the prejudicial effect of the evidence. Before voir dire, the parties submitted a written stipulation regarding Toothman's convictions against C.D.T. At that time, defense counsel stated: "[We previously] made arguments regarding *State v. Prine*, and I would stand behind those arguments. However, it is the current law; and based upon it, it's clear the prior conviction is going to come in." Other than this reference to his earlier arguments, Toothman did not object to the constitutionality of the statute upon which the evidence was to be introduced, nor did he seek a standing objection to introducing the prior convictions as evidence that he had a propensity to engage in sexual abuse. To that extent Toothman made an objection, the district court overruled it, and indicated it would read the parties' stipulation at the beginning of the trial and include it in the jury instructions.

The State contends that Toothman's brief reference to *Prine* does not rise to the level of a contemporaneous or specific objection that is sufficient to preserve a constitutional challenge to evidence of his prior convictions introduced to prove his propensity to engage in sexual abuse. K.S.A. 60-404 creates a procedural bar to appealing an evidentiary issue unless a party makes a specific and timely objection at trial. The purpose of the contemporaneous objection rule is to avoid the use of tainted evidence and thereby avoid possible reversal and a new trial. *State v. King*, 288 Kan. 333, 342, 204 P.3d 585 (2009). "[T]he trial court must be provided the specific objection so it may consider as fully as possible whether the evidence should be admitted and therefore reduce the chances of reversible error." *State v. Richmond*, 289 Kan. 419, 429, 212 P.3d 165 (2009). A pretrial objection on its own is not a contemporaneous objection under K.S.A. 60-404. *State v. Kelly*, 295 Kan. 587, 590, 285 P.3d 1026 (2012).

This court historically has refused to review claims based on admission of evidence of prior sex convictions that were not contemporaneously objected to at trial under K.S.A. 60-404. See *State v. McClendon*, No. 113,703, 2016 WL 3219101, at *2 (Kan. App. 2016) (unpublished opinion) (refusing to review admission of prior sex crime evidence where defendant objected only in pretrial motion in limine), *rev. denied* 306 Kan. __ (2017). Here, Toothman only objected to the constitutionality of the statute at the pretrial conference, and the only specific reason he gave was that admission of the evidence was not fair because "there's a rape shield statute that doesn't allow the defense the same prerogative"—not the constitutional argument that he makes on appeal that K.S.A. 2016 Supp. 60-455(d) violates §§ 10 and 18 of the Kansas Constitution Bill of Rights. And Toothman's objection before voir dire only referenced his pretrial arguments; it did not specifically mention constitutionality. Toothman did not request a standing objection, nor did he object at the time the court read the stipulation to the jury, either at the beginning of trial or during jury instructions. Toothman's argument was not preserved under the contemporaneous objection rule in K.S.A. 60-404.

8

Nevertheless, Toothman argues this court should consider his appeal on the merits because it presents a purely legal claim based on a denial of his fundamental right to due process of law. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014) (appellate courts may consider newly asserted issues on appeal where claim involves question of law arising on proved or admitted facts and is finally determinative of case or when consideration of claim is necessary to serve ends of justice or to prevent denial of fundamental rights). We are persuaded by Toothman's argument. Although the issue is evidentiary, its resolution involves only the legal question of whether K.S.A. 2016 Supp. 60-455(d) is constitutional under due process protections of the Kansas Constitution Bill of Rights. For this reason, we may consider Toothman's argument under *Phillips*.

With regard to the merits of Toothman's claim, he asks this court to reconsider *Boysaw* and determine that K.S.A. 2016 Supp. 60-455(d) is unconstitutional. Determining a statute's constitutionality is a question of law subject to unlimited review. This court presumes statutes are constitutional and must resolve all doubts in favor of a statute's validity. Courts must interpret a statute in a way that makes it constitutional if there is any reasonable construction that would maintain the Legislature's apparent intent. *State v. Petersen-Beard*, 304 Kan. 192, 194, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016).

As noted above, subsection (d) was added to K.S.A. 60-455 in 2009. It reads in relevant part:

> "(d) Except as provided in K.S.A. 60-445, . . . in a criminal action in which the defendant is accused of a sex offense . . . , evidence of the defendant's commission of another act or offense of sexual misconduct is admissible, and may be considered for its bearing on any matter to which it is relevant and probative." K.S.A. 2016 Supp. 60-455(d).

9

The Kansas Supreme Court has clarified that "any matter to which it is relevant and probative" includes propensity evidence. *Prine*, 297 Kan. at 476 ("[T]he legislature's intention to relax the prohibition on evidence of other acts or offenses of sexual misconduct to show propensity, indeed, and 'any matter to which it is relevant and probative' in sex crime cases is explicit in the statute's new subsection [d]."). But Toothman asserts the admission of prior sex offenses for the sole purpose of proving propensity to commit the current crime charged violates an accused's rights to due process of law under §§ 10 and 18 of the Kansas Constitution Bill of Rights.

Toothman makes the same arguments that this court previously rejected in *Boysaw*. In that case, Boysaw was charged with aggravated indecent liberties with a child. The State moved to introduce evidence of two prior convictions for sexual assault of a child. The district court allowed the State to introduce only the more recent conviction as propensity evidence—albeit in the form of a limited stipulation—because the offense had a "'striking similarity'" to the current offense charged. 52 Kan. App. 2d at 636-37. Boysaw claimed that K.S.A. 2015 Supp. 60-455(d), which permitted the State to introduce the prior sexual crime for propensity purposes, violated his constitutional rights to a fair trial and due process of law.

But the *Boysaw* court held that K.S.A. 2015 Supp. 60-455(d) does not violate the Kansas Constitution. 52 Kan. App. 2d 635, ¶ 5. In reaching its decision, the court analyzed and distinguished the Iowa and Missouri cases upon which Boysaw, and now Toothman, rely. See *State v. Cox*, 781 N.W.2d 757, 761 (Iowa 2010); *State v. Ellison*, 239 S.W.3d 603, 607 (Mo. 2007). The highest courts in those states held that evidentiary rules similar to K.S.A. 2016 Supp. 60-455(d) violate their state constitutional protections.

Toothman contends that this court should follow *Cox* because Iowa and Kansas have similar historical protections against broad admissibility of prior sexual misconduct to show propensity. But the *Boysaw* court examined the case history in both states and

10

came to the opposite conclusion. Before the 2009 amendment adding subsection (d) to K.S.A. 60-455, Kansas courts allowed the State to introduce evidence of prior sex misconduct in sex offense cases—reflecting what courts called the defendant's "'lustful disposition.'" *Boysaw*, 52 Kan. App. 2d at 640-41. Iowa, in contrast, always has strictly prohibited propensity evidence in sexual offenses cases. Given this difference, the *Boysaw* court held that subsection (d) accurately reflected a historical exception in Kansas to the general ban on propensity evidence. 52 Kan. App. 2d at 647.

The *Boysaw* court also distinguished *Ellison*. It noted that, unlike Missouri's broad interpretation of its due process provision, the Kansas Supreme Court has not interpreted § 10 to include a ban on propensity evidence. *Boysaw*, 52 Kan. App. 2d 648-49. Although Toothman contends the Kansas Supreme Court may still yet broadly interpret § 10, our Supreme Court has expressed no such intention to depart from its current interpretation. Accordingly, the *Boysaw* court did not improperly distinguish *Ellison* based on the current Kansas Supreme Court law.

Having distinguished the two cases cited by *Boysaw*, the court continued its analysis by looking to Federal Rules of Evidence 413 and 414, upon which the Kansas rule was modeled. Federal Rule 413(a) states: "In a criminal case in which a defendant is accused of sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." Rule 414(a) provides a similar rule for cases of child molestation. Notably, every federal circuit to have considered the issue has held that Rules 413 and 414 are constitutional. See, e.g., *United States v. Schaffer*, 851 F.3d 166, 180 (2d Cir. 2017) ("Rule 413 does not threaten a defendant's right to due process."), *petition for cert. filed* July 13, 2017; *United States v. Julian*, 427 F.3d 471, 486 (7th Cir. 2005); *United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001); *United States v. Mound*, 149 F.3d 799, 800-01 (8th Cir. 1998); *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998). Essential to the federal courts' holdings was the fact that Federal Rule of Evidence 403,

11

which requires a district court to determine whether the probative value of any evidence "is substantially outweighed by a danger of . . . unfair prejudice," provides a safeguard that ensures the defendant's right to a fair trial. See *Schaffer*, 851 F.3d at 180 ("[W]e conclude, like the Eighth, Ninth, and Tenth Circuits before us, that the protections provided in Rule 403, which we now explicitly hold apply to evidence being offered pursuant to Rule 413, effectively mitigate the danger of unfair prejudice resulting from the admission of propensity evidence in sexual-assault cases.").

The *Boysaw* court held that, like the safeguard in Federal Rule 403, K.S.A. 60-445 allows the district court to exclude evidence if its probative value is substantially outweighed by the risk that its admission would be unduly prejudicial. 52 Kan. App. 2d at 645 (citing *State v. Lee*, 266 Kan. 804, 814, 977 P.2d 263 [1999]). Toothman, however, argues that the protections in Federal Rule 403 and K.S.A. 60-445 "amount[] to nearly no safeguard at all." Specifically, Toothman contends federal courts exclude evidence only infrequently using Rule 403. And Toothman again relies on *Cox*, which opined that the balancing test does not make sense in the context of sexual propensity rules because the thing that makes it "more probative—the similarity of the prior act to the charged act— also makes it more prejudicial." 781 N.W.2d at 769. But simply because the weighing test does not normally result in exclusion of evidence does not necessarily mean it has no gatekeeping function. In fact, in the *Boysaw* case itself, for example, the district judge excluded evidence of a prior sexual conviction from 1979, which it held was too dissimilar to the current charge. 52 Kan. App. 2d at 636-37. The *Boysaw* court did not improperly conclude that "K.S.A. 2015 Supp. 60-455(d) does not violate a defendant's due process rights because the district court has discretion to exclude evidence of prior sexual offenses if the evidence is unfairly prejudicial." 52 Kan. App. 2d at 646.

Finally, Toothman contends that this court should not look to the federal cases interpreting Rules 413 and 414 because the United States Supreme Court has not yet ruled on the constitutionality of those rules or whether state law rules allowing propensity

12

evidence would violate the United States Constitution. But this was the case at the time *Boysaw* was decided, as the court pointed out. 52 Kan. App. 2d at 644. This court may look to the highest authority interpreting the federal rules as persuasive authority.

Toothman has provided no convincing reason for this court to depart from the *Boysaw* holding that K.S.A. 2016 Supp. 60-455(d) does not violate the Kansas Constitution. See 52 Kan. App. 2d at 646-49. The district court did not err in allowing the State to introduce evidence of Toothman's prior convictions to show his propensity to commit similar crimes.

b. *Prejudicial effect versus probative value*

Toothman next argues that the district court erred in admitting evidence of his prior convictions against C.D.T. under K.S.A. 2016 Supp. 60-455(d) because the prejudicial effect outweighed the probative value of that evidence. For the reasons stated below, we disagree.

As with the previous issue, the State contends this issue is not preserved for appeal under the contemporaneous objection rule. See K.S.A. 60-404. Toothman argued at the pretrial hearing that the evidence of his prior convictions against C.D.T. was more prejudicial than probative. The court granted the State's motion to introduce the evidence over Toothman's objection. Prior to voir dire, the parties informed the court that they had agreed to a stipulation to present the prior offense evidence to the jury. Toothman renewed his objection to the evidence at that time by simply stating he "would stand behind" his earlier arguments, but he did not request a continuing or standing objection. During trial, Toothman did not object when the court read the stipulation to the jury at the beginning of the trial, during the jury instruction conference, or when the court gave the jury instructions.

"[A] pretrial objection by itself is not timely because the evidence may be different from that submitted at the pretrial hearing or the evidence may be viewed differently by the judge in the context of all of the evidence and argument heard at trial." *Kelly*, 295 Kan. at 590; see *State v. Nunn*, 244 Kan. 207, 213, 768 P.2d 268 (1989) (pretrial ruling is not sufficient because the "materiality of the proposed evidence may not become actually apparent until other evidence has been admitted"). The contemporaneous objection rule "allows a court to rule on the evidence before trial, but after hearing how the evidence unfolds during trial, allows the court to be prepared—after timely trial objection—to reconsider its original ruling." *State v. Houston*, 289 Kan. 252, 270, 213 P.3d 728 (2009) (citing *Luce v. United States*, 469 U.S. 38, 41-42, 105 S. Ct. 460, 83 L. Ed. 2d 443 [1984]). Although Toothman objected pretrial that the prejudicial effect of the prior sex offense evidence outweighed its probative value, he did not object at trial or request a continuing objection. Accordingly, Toothman's challenge to the admissibility of his prior sex offenses against C.D.T. was not preserved for appeal. See *McClendon*, 2016 WL 3219101, at *2 (pretrial motion in limine insufficient to preserve evidentiary issue under K.S.A. 2015 Supp. 60-455[d] for appeal).

c. *Limiting instruction regarding counts 1, 3, 4, 5, and 6*

Toothman contends that the district court erred in failing to issue a limiting instruction to the jury telling them that the evidence of other sexual offenses is not sufficient, in and of itself, to prove he committed rape and aggravated criminal sodomy as alleged in counts 1, 3, 4, 5, and 6.

When analyzing jury instruction issues, appellate courts make three determinations: (1) whether the issue can be reviewed, (2) whether any error occurred, and (3) whether any error requires reversal. *State v. Barber*, 302 Kan. 367, 376, 353 P.3d 1108 (2015).

14

On the first issue, reviewability, we find Toothman did not request the limiting instruction or object to the court's failure to give it to the jury. But Toothman's failure to assert this challenge below is not fatal to his claim. K.S.A. 2016 Supp. 22-3414(3) states:

"No party may assign as error the giving or failure to give an instruction, . . . unless the party objects thereto before the jury retires to consider its verdict stating distinctly the matter to which the party objects and the grounds of the objection unless the instruction or the failure to give an instruction is clearly erroneous."

Accordingly, this court reviews for clear error the instruction he now challenges on appeal. *State v. Williams*, 295 Kan. 506, 510, 286 P.3d 195 (2012). To establish clear error, "'the defendant must firmly convince the appellate court that the giving of the instruction would have made a difference in the verdict.' [Citation omitted.]" *State v. Cooper*, 303 Kan. 764, 771, 366 P.3d 232 (2016).

Having determined we can review the court's failure to give the limiting instruction, we move on to the second determination: whether there was any error in failing to give the limiting instruction. To make that determination, we consider whether the instruction was legally and factually appropriate, employing an unlimited review of the entire record. *Williams*, 295 Kan. 506, Syl. ¶ 4. Legal appropriateness is whether the instruction fairly and appropriately states the applicable law. Like all questions of law, this court employs an unlimited standard of review. To determine whether the jury instruction was factually appropriate, this court determines if there was sufficient evidence, viewed in the light most favorable to the requesting party, to support a factual basis for the instruction. *State v. Plummer*, 295 Kan. 156, 163, 283 P.3d 202 (2012).

If this court finds that there was an error (that the instruction was legally and factually appropriate), then we proceed to a reversibility inquiry. This inquiry requires us to employ what is commonly called the "clear error" test. An instruction is clearly

erroneous when "'the reviewing court is firmly convinced that the jury would have reached a different verdict had the instruction error not occurred.'" *Barber*, 302 Kan. at 377; see *Williams*, 295 Kan. 506, Syl. ¶ 8. Whether instructional error is clearly erroneous requires review of the entire record and de novo determination. The burden of showing clear error belongs to the complaining party. 295 Kan. at 516.

Turning to the facts presented here, we note that Toothman stipulated to providing the jury with a written statement about his convictions for sexual abuse of C.D.T. By presenting the jury with this written statement, Toothman effectively prevented the State from introducing detailed evidence of the sexual abuse against C.D.T. that was shown to the jury at the prior trial, including live testimony from C.D.T. herself. The parties agreed to have the district judge read the written stipulation to the jury during the introductory instructions and include it as a jury instruction at the close of the trial. Toothman did not request any further instruction, nor did the court issue any further instruction regarding the prior crime evidence.

Nevertheless, Toothman now contends the district court should have instructed the jury—without prompting, suggestion, or request from any party—that his prior sexual offense was not sufficient by itself to prove he committed the current sexual offenses charged. But our Supreme Court has held that no such limiting instruction is required for K.S.A. 2016 Supp. 60-455(d) evidence. In *Prine*, the court held:

> "In a sex crime prosecution governed by [K.S.A. 2016 Supp. 60-455(d)], there remains no reason to tell jurors to ignore the bearing prior sexual misconduct may have on the defendant's propensity to commit the charged crime or crimes. If other sex crimes or civil wrongs are relevant, *i.e.*, material and probative of propensity, the jury may consider them for that. We no longer need the workaround the limiting instruction hoped to ensure." 297 Kan. at 479.

16

See *State v. Moyer*, 302 Kan. 892, 916, 360 P.3d 384 (2015) (*Prine* "rendered obsolete the limiting instruction in a sex crime prosecution"); *State v. Dean*, 298 Kan. 1023, 1035, 324 P.3d 1023 (2014) ("When a district court admits evidence of a prior sexual misconduct on the broad basis under K.S.A. 2009 Supp. 60-455, it is not required to issue a limiting instruction.").

This court is duty bound to follow Kansas Supreme Court precedent absent some indication of an intent to depart. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). The Supreme Court has expressed no intent to depart on this issue; thus, we find the limiting instruction referenced by Toothman on appeal was neither legally nor factually appropriate.

d. *Limiting instruction regarding counts 2, 7, and 8*

Toothman next contends that the district court erred in failing to restrict the jury's consideration of the prior sex offense evidence to the charges alleged in counts 2, 7, and 8. Specifically, he argues the language in K.S.A. 2016 Supp. 60-455(d) expressly does not apply to the offenses for which he was charged in counts 2, 7, and 8, and the court's failure to instruct the jury that they should not consider the prior sex offense convictions for those counts was clearly erroneous. Toothman acknowledges that he did not raise this issue below; thus, this court reviews for clear error. *Williams*, 295 Kan. 506, Syl. ¶ 3.

The text of K.S.A. 2016 Supp. 60-455(d) says it applies "in a criminal action in which the defendant is accused of a sex offense under articles 34, 35 or 36 of chapter 21 of the Kansas Statutes Annotated, prior to their repeal, or articles 54, 55 or 56 of chapter 21 of the Kansas Statutes Annotated." Toothman claims that because counts 2, 7, and 8 do not fall under the listed articles of chapter 21, the district court should have restricted the jury's consideration of the prior sex crime evidence accordingly.

17

In counts 7 and 8, Toothman was charged with attempted aggravated criminal sodomy. Aggravated criminal sodomy is a violation of articles 35 and 55 of chapter 21 of the Kansas Statutes Annotated. See K.S.A. 21-3506(a)(3)(B); K.S.A. 2012 Supp. 21-5504(b)(3)(B). Under K.S.A. 2016 Supp. 60-455(g)(1), "an 'act or offense of sexual misconduct'" includes "[a]ny conduct proscribed by article 35 of chapter 21 of the Kansas Statutes Annotated, prior to their repeal, or article 55 of chapter 21 of the Kansas Statutes Annotated." Under subsection (g)(9), it also includes "an attempt, solicitation or conspiracy to engage in conduct described in paragraphs (1) through (8)." Thus, an attempt to commit aggravated criminal sodomy is a sexual offense for purposes of K.S.A. 2016 Supp. 60-455. There was no error in allowing the jury to consider the prior sex offense evidence under subsection (d) with regard to counts 7 and 8.

In count 2, Toothman was charged with distribution of Ambien in violation of K.S.A. 2012 Supp. 21-5705(a)(2), (d)(4)(A). Toothman correctly states that such a violation is not a sexual offense under K.S.A. 2016 Supp. 60-455, which does not apply to violations of article 57 of chapter 21.

But that fact, on its own, does not end the inquiry. Toothman claims that the district court erred under K.S.A. 60-406, which provides that "[w]hen relevant evidence is admissible as to one party or for one purpose and is inadmissible as to other parties or for another purpose, the judge *upon request* shall restrict the evidence to its proper scope and instruct the jury accordingly." (Emphasis added.) Toothman acknowledges that he did not request the district court to restrict the evidence to one purpose but not another purpose. Thus, the court was not required to instruct the jury as Toothman contends.

Moreover, Toothman has made no showing of clear error with regard to count 2. To find an instruction clearly erroneous, this court must be "firmly convinced that the jury would have reached a different verdict had the instruction error not occurred." *Williams*, 295 Kan. 506, Syl. ¶ 5. Toothman admitted to law enforcement during his

18

interview that he distributed his prescription Ambien to R.T. R.T. testified that Toothman gave her two Ambien pills each evening, calling them her "'night-nights.'" In closing argument, defense counsel concluded, "[Toothman] totally admitted giving [R.T.] the Ambien. That's not—never been disputed. He doesn't deny that." There is no indication that the jury relied on the prior sex offense evidence to conclude that Toothman had distributed Ambien to R.T.; thus, there is no reason for this court to find that the jury would have reached a different verdict had Toothman's requested instruction been given. Accordingly, even if there was error, it is not reversible error.

2. *Mens rea*

Toothman claims the district court erred by instructing the jury that the mens rea the State had to prove for the crime of attempted aggravated criminal sodomy was "knowingly," when it should have instructed on the higher mental state of "intentionally." Because Toothman did not object to the instruction below, this court reviews this issue for clear error. *Williams*, 295 Kan. 506, Syl. ¶ 3.

Because it is an alleged instructional error, we begin our analysis with a discussion of whether the district court erred in the first place. In counts 7 and 8, Toothman was charged with attempted aggravated criminal sodomy. Corresponding to count 7, Jury Instruction 13 stated:

"The defendant is charged with an attempt to commit aggravated criminal sodomy. The defendant pleads not guilty.
"To establish this charge, each of the following claims must be proved:
1.   The defendant performed an overt act toward the commission of aggravated criminal sodomy.
2.   The defendant did so with the intent to commit aggravated criminal sodomy.
3.   The defendant failed to complete commission of aggravated criminal sodomy.

19

4. This act occurred on or between the 1st day of October, 2010, and the 31st day of July[,] 2011, in Saline County, Kansas.

"An overt act necessarily must extend beyond mere preparations made by the accused and must sufficiently approach consummation of the offense to stand either as the first or subsequent step in a direct movement toward the completed offense. Mere preparation is insufficient to constitute an overt act.

"The elements of the completed crime of aggravated criminal sodomy are as follows:

1. The defendant knowingly engaged in sodomy with R.T.

2. The act of sodomy was committed without the consent of R.T. under circumstances when she was unconscious of physically powerless.

3. This act occurred on or between the 1st day of October, 2010, and the 31st day of July, 2011, in Saline County, Kansas."

Jury instruction 15, corresponding to count 8, is identical in content. The court's instructions were modeled after PIK Crim. 4th 53.010 (2012) (attempt) and PIK Crim. 4th 55.070 (2012) (aggravated criminal sodomy—no consent). The PIK instructions track the attempt statutes, K.S.A. 21-3301(a) and K.S.A. 2012 Supp. 21-5301 (attempt is "any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime"), and the aggravated criminal sodomy statutes, K.S.A. 21-3506(a)(3)(B) and K.S.A. 2012 Supp. 21-5504(b)(3)(B) (aggravated criminal sodomy includes sodomy with a person who does not consent or causing a person to engage in sodomy when the victim is unconscious or physically powerless).

In jury instruction 21, the district court issued a general instruction regarding culpable mental states:

"As it relates to Instruction 4, the State must prove that the defendant committed the crime charged intentionally.

20

"A defendant acts intentionally when it is the defendant's desire or conscious objective to do the act complained about by the State or cause the result complained about by the State.

"As it relates to Instructions 2, 3, 5, 6, 9, 11, 13, and 15[,] the State must prove that the defendant committed the crimes charged knowingly.

"A defendant acts knowingly when the defendant is aware of the nature of his conduct that the State complains about.

"If the State has proved that the defendant acted intentionally, then the State has proved as well that the defendant acted knowingly."

Attempt is a specific intent crime. *State v. Louis*, 305 Kan. 453, 461, 384 P.3d 1 (2016). In order to convict a defendant of an attempt to commit a crime, the State must show the commission of an overt act plus the actual intent to commit that particular crime. *State v. Robinson*, 256 Kan. 133, 137, 883 P.2d 764 (1994). Jury instructions 13 and 15 correctly state the elements of attempt, including that the jury was required to find that Toothman performed an overt act with the "intent" to commit aggravated criminal sodomy, and correctly stated the elements of aggravated criminal sodomy. We acknowledge, however, that jury instruction 21 indicated that counts 7 and 8 had to be proved "knowingly," without specifying whether that mental state pertained to the attempt or to the underlying aggravated criminal sodomy. As such, the jury received inconsistent instructions regarding the mens rea applicable to those counts, and Toothman correctly identifies this as an error by the district court.

To find the error reversible, this court must be firmly convinced that the jury would have reached a different verdict had jury instruction 21 correctly stated the mens rea applicable to attempted aggravated criminal sodomy. See *Williams*, 295 Kan. 506, Syl. ¶ 8. Whether instructional error is clearly erroneous requires review of the entire record and de novo determination. The burden of showing clear error belongs to the complaining party. 295 Kan. at 516. The jury was instructed in jury instructions 13 and 15 that it must find Toothman performed an overt act and intended to commit aggravated

21

criminal sodomy, which was a knowing crime. Although jury instruction 21 indicated that counts 7 and 8 had to be proved "knowingly," Toothman has not alleged, let alone established, that the jury experienced any confusion between the two instructions or otherwise misapplied the standard under jury instruction 21. There is no reason for this court to conclude that the jury would have reached a different verdict had the instruction error not occurred. Because Toothman did not meet his burden to show clear error, we affirm his convictions on these two counts.

3. *Cumulative error*

Toothman argues that the cumulative effect of the errors in this case denied him a fair trial. In a cumulative error analysis, this court aggregates all errors and, even though those errors would individually be considered harmless, analyzes whether their cumulative effect on the outcome of the trial is such that collectively they cannot be determined to be harmless. *State v. Tully*, 293 Kan. 176, 205, 262 P.3d 314 (2011).

A single error cannot constitute cumulative error. *State v. Frierson*, 298 Kan. 1005, 1020, 319 P.3d 515 (2014); *State v. Stafford*, 296 Kan. 25, 60, 290 P.3d 562 (2012). Here, Toothman has only shown that one trial error occurred, and we have found that trial error was not clearly erroneous. Accordingly, the cumulative error doctrine is inapplicable.

Affirmed.